## MIDLAND OIL & GAS CO. et al. v. CREEL et al.

No. 13817—Opinion Filed March 13, 1923.

(Syllabus.)

**1. Master and Servant—"Independent Contractor."**

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work.

**2. Same—Workmen's Compensation Act—Reversal of Award.**

On the authority of the opinion of this court, wherein the facts are similar, in the case of Producers' Lumber Co. et al. v. Butler et al., filed October 3, 1922, 87 Okla. 172, 209 Pac. 738, the action of the Industrial Commission in making the award is reversed, and the cause remanded for further proceedings.

Appeal from Order of State Industrial Commission.

Action by the Midland Oil & Gas Company and Aetna Life Insurance Company to review award of Workman's Compensation to William M. Creel. Reversed and remanded.

Moss & Owen, for petitioners.

Smith & Smith, for respondents.

JOHNSON, J. This proceeding was commenced by the petitioners to review and have vacated an award of the State Industrial Commission made on the 29th day of August, 1922, awarding the respondent, William M. Creel, compensation at the rate of $8 per week for a period of 30 weeks, amounting to $240, for the loss of the middle finger of his left hand; wherein the commission found that the claimant was in the employ of the Midland Oil & Gas Company and C. F. Bramble, and was engaged in a hazardous occupation within the meaning of the statute, and that while in the employ of the said respondents and in the course of his employment, and as the result of an accident, the claimant suffered the loss of said finger.

The ground for reversal relied on is that there was no basis in the evidence before the Industrial Commission for a finding that William M. Creel was in the employment of the Midland Oil & Gas Company at the time he received the alleged injury. The contention of the petitioners is that the said William M. Creel was in the employment of C. F. Bramble; that C. F. Bramble was an independent contractor and acting as such in the carrying out of a contract with the Midland Oil & Gas Company.

We have carefully examined the entire record, and are of the opinion that such contention is well taken and must be sustained. The undisputed evidence in the record clearly shows that the respondent Bramble was engaged in the general trucking business in the oil field, and had been so engaged at the time of the injury of the claimant for about four months, operating four trucks, upon each of which he usually employed two men the total number of men running from two to seven, according to the number of trucks engaged at any one time; and that the claimant had been working for him for a short time upon one of the trucks and received his injury while scotching the wheel of a truck with a rock which crushed under the weight of the wheel, the wheel running over the hand of the claim-

ant and mashing off the said finger of his left hand; that Bramble was on the date of the injury engaged in hauling 3,000 feet of 5-inch casing for the Midland Oil & Gas Company with two or three of his trucks, the company paying therefor at the rate of $8 for each team load consisting of 11 joints of 5-inch pipe; that he, Bramble, paid the claimant, Creel, $2.50 per day for his services as helper on one of the trucks; that the respondent Bramble hauled for anybody and everybody that wanted hauling from day to day, and was not permanently or exclusively employed by anyone, but hauled for the general public or anyone who engaged him, and employed, paid, and discharged his truck men and was the only one who had any control over them in directing their movements.

Under the Workmen's Compensation Law of this state, every employer subject to the provisions of the act must pay compensation according to the schedules for disability of his employes resulting from an accidental personal injury sustained by the employe, arising out of and in the course of his employment, without regard to fault as a cause of such injury, not coming within the exceptions stated in the act; and the act provides that a principal contractor, intermediate, or subcontractor, shall be liable for compensation to any employe injured while in the employ of any of his intermediate or subcontractors and engaged upon the subject-matter of his contract, to the same extent as his immediate employer. And any person, intermediate or subcontractor, who shall pay compensation may recover the amount paid from the subordinate subcontractor through whom he may have been rendered liable. Section 7285, Compiled Stat. 1921.

It is clear from the undisputed evidence in the instant case that the claimant, Creel, at the time he received the injury complained of was an employe of the respondent Bramble and received his injury arising out of and in the course of his employment, and that at that time Bramble was an independent contractor engaged in hauling a quantity of 3,000 feet of oil well casing for the respondent Midland Oil & Gas Company, and such employment did not contemplate or embrace any other or further engagement or employment whatsoever between the Midland Oil & Gas Company and Bramble.

In these circumstances we hold that the respondent Bramble was an independent contractor as defined in paragraph 1 of the syllabus of the case of Producers' Lumber

Co. et al. v. Butler et al., decided by this court on October 3, 1922, 87 Okla. 172, 209 Pac. 738, which reads as follows:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work."

Following the rule announced in that case, it is clear the claimant's relation was such that he was not in the employment of the Midland Oil & Gas Company when injured.

The action of the Industrial Commission in awarding compensation in the instant case is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

McNEILL, KENNAMER, COCHRAN, and BRANSON, JJ., concur.