## TIDAL REFINING CO. v. TIVIS et al.

No. 14139—Opinion Filed July 3, 1923.

**1. Master and Servant—Workmen's Compensation—Review of Awards — Procedure.**

Section 7297, Comp. Stat. 1921, provides the procedure for reviewing the awards made by the State Industrial Commission, by requiring the aggrieved party to commence action in the Supreme Court within 30 days after a copy of the award has been sent by the commission to the party affected.

**2. Same—"Change in Condition"—Review of Award by Industrial Commission.**

If there has been "a change in condition" subsequent to the award as provided by

section 7296, Comp. Stat. 1921, which materially affects the rights of the interested party, and which would render the continuance of the award inequitable, in this event the commission may upon its own motion, or on the application of one of the interested parties review the previous award.

### 3. Judgment—Matters Concluded.

In the trial of a cause by a court of competent jurisdiction, its decree upon the merits is conclusive between the parties upon all the facts adjudicated, together with all the material facts which might have been presented as constituting the claim or defense. Such issues of fact so adjudicated, or which might have been presented for consideration, cannot thereafter become the subject-matter for litigation between the parties, or those in privity, in a collateral proceeding.

### 4. Master and Servant — Workmen's Compensation—Review of Awards — Collateral Proceeding.

An attempt by a petitioner to review the awards of the State Industrial Commission by proceedings other than those enumerated in the above statutory provisions is a collateral proceeding.

### 5. Same—Relation of Employe — Question of Fact for Commission.

As the employes of the petitioner, suffering injuries similar to the respondent's, come under the provisions of the Workmen's Compensation Act, in the previous proceeding between the petitioner and claimant, before the State Industrial Commission, the question as to whether or not the claimant was an employe of the petitioner was a question of fact before the commission for determination. Therefore, the findings of the commission cannot thereafter be questioned in a collateral proceeding.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Petition by Tidal Refining Co. against the State Industrial Commission et al. to vacate an order of the Commission denying modification of a previous award. Affirmed.

Y. P. Broom, J. C. Wilhoit, and Walton Clark, Jr., for petitioner.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

Opinion by STEPHENSON, C. The Industrial Commission, on the 13th day of September, 1920, made an award in favor of James E. Tivis, one of the respondents in this action, against the Tidal Refining Co. and W. M. Elgin, for personal injuries suffered by the claimant on the 8th day of July, 1920. The petitioner did not file an

action in this court for reviewing the award so made by the Industrial Commission within the time provided for review by the statute after receiving notice of the award. In the latter part of the year 1922, the petitioner filed its proceeding with the Industrial Commission to modify the award made, and as grounds for the modification set forth in its application that it employed W. M. Elgin to perform certain services on its premises for a stipulated sum of money, and that Elgin acted in the capacity of an independent contractor in performing the services, and that James E. Tivis, one of the respondents herein, was an employe of Elgin, and under the complete control and direction of the latter at the time Tivis suffered the injuries complained about, and therefore petitioner is not liable for the injury.

The Tidal Refining Co. seeks relief in this court from the order of the Industrial Commission refusing to modify the award made against it for injuries to Tivis, on the grounds: (a) That the Industrial Commission under section 7296, Comp. Stats. 1921, is authorized upon its own motion, or upon the application of any party in interest, to review and modify awards previously made; (b) that the Industrial Commission was without authority to make the award in favor of Tivis and against this petitioner for the injuries so suffered by Tivis.

In considering the first ground urged for modification of the Industrial Commission's order, the section referred to authorizes the modification of awards only in cases of a "change in condition", so the petitioner in this cause must stand or fall upon the proposition as to whether or not there has been such "change in condition", out of which the award followed, as will bring the cause within the provision of the section. No complaint is made by petitioner that the respondent is not entitled to the award, or that it is excessive. The right to assert claim for modification of award is based principally upon two decisions recently rendered by this court in the cases of Producers' Lumber Co. v. Butler, 87 Okla. 172, 209 Pac. 738; Midland Oil & Gas Co. v. Creel, 89 Okla. 23, 213 Pac. 852.

We do not understand that these decisions make a "change in condition" as contemplated by the statute, that will warrant the Industrial Commission in modifying the previous award. In fact, there has been no "change in condition", the law is the same now as it was at the time of the ren-

dition of the award. The decisions merely declare the law as it was then. So it is apparent that the petitioner is not entitled to a modification of the award under the section of statute above referred to. The petitioner further asserts that it is entitled to the setting aside of the award on the authority of the two cases, as the facts in the cases decided are similar to the record in the instant case. This may be true, but the two cases cited were commenced in this court within the time provided by section 7297, Comp. Stats. 1921. The instant case was not filed within the time provided by the statute for reviewing the award. In other words, the petitioner is seeking relief independent of any statutory provisions covering such procedure, and the proceeding is therefore classed as a collateral attack on the award made by the respondent. A "collateral" attack on a judicial proceeding is an attack to avoid, defeat, or avoid it, or deny its force and effect in some incidental proceeding not provided by law for the express purpose of attacking it. McIntosh v. Holtgrave et al., 79 Okla. 63, 191 Pac. 729. In order for the petitioner to be entitled to the relief sought, it must show that the award of the respondent was void, which it asserts to be true in this proceeding. The petitioner seeks to maintain its contention that the award is void by the doctrine announced in the case of Scott v. McNeill, 154 U. S. 34, 38 L. Ed. 896.

In the Scott Case the court held the appointment of an administrator upon the estate of a person who, in fact, was alive, and the sale of his property by such administrator, are void, for the reason that the court was without jurisdiction to appoint an administrator over the estate of a live person. In no event could the probate court conduct a proceeding that would in any way affect the real estate, for the reason that the owner was alive, and the right to interfere with or affect his title by judicial proceeding was lodged in another court. In the instant case, by the provisions of out statutes, the Industrial Commission is given the express power to make awards in favor of the employes of the petitioner, and bind the petitioner to answer for such award. The respondent has the power by statute to make award for injuries suffered by the respondent while engaged in the class of labor he was performing at the time of the injury. So the only question left for determination, in order to settle the question of the petitioner's liability in this case for the injury, is whether or not the respondent was in the employ of the petitioner at the time the accident occurred.

The proceeding commenced before the Industrial Commission and upon which the award of the 13th day of September, 1920, was made, was for the purpose of ascertaining the nature and extent of the injury to respondent, and one of the questions of fact involved in the case was whether or not James E. Tivis was an employe of the petitioner at the time the injury occurred. It is apparent that the Industrial Commission had jurisdiction to make the award for the injury in question, and against the petitioner, if it was the employer. So the real question that petitioner seeks to raise in this proceeding is one that was properly involved in the proceeding in which the award was made in the first instance. Therefore the question raised by the petitioner is not a jurisdictional question, but one incidental to the granting of relief in a matter of which it had jurisdiction. A judgment or decree upon the merits is conclusive between the parties, and upon all issues involved, or that might have been involved in the determination of the question presented for trial, and such issues cannot thereafter be contested between the parties in a different action, or in a collateral proceeding. Corrugated Culvert Co. v. Simpson Twp., McIntosh County, 51 Okla. 178, 151 Pac. 854; McIntosh v. Holtgrave et al., supra. If Tivis was not an employe of the petitioner this question should have been presented by it in the proceeding commenced before the Industrial Commission, which resulted in the award about which the petitioner is now complaining. The petitioner having failed in this proceeding to excuse or justify upon legal grounds its failure to so do, it will not now be permitted to retry the issues of fact which were properly within the first proceeding. The relief sought by petitioner is denied by the doctrine announced in Black on Judgments, which is in the following language:

"That the solemn and deliberate sentence of the law pronounced by its appointed organs, upon a disputed fact or state of facts, should be regarded as final and conclusive determination of the questions litigated, and should forever set the controversy at rest, is a rule common to all civilized systems of jurisprudence. But it is more than a mere rule of law. It is more even than important principles of public policy. It is not too much to say that this maxim is a fundamental concept in the organization of every jural society."

It is therefore recommended that the application of the petitioner for review of the

judgment of respondent be denied.

By the Court: It is so ordered.