## SOUTHLAND COTTON OIL CO. et al. v. PRITCHETT et al.

No. 24329.   Dec. 12, 1933.

Snyder, Owen & Lybrand, and Thurman, Bowman & Thurman, for petitioners.

Stanley D. Belden, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to procure a review of an award in favor of the claimant therein. Hereinafter the respondent will be referred to as petitioner.

This cause was before this court in Southland Cotton Oil Co. v. Pritchett, 157 Okla. 264, 11 P. (2d) 486. It was therein contended by the petitioner, as it is herein contended by it, that the evidence, as a matter of law, showed that the claimant was an independent contractor and not an employee of the petitioner. Notwithstanding that contention this court, upon a confession of error filed by the claimant, remanded the cause to the State Industrial Commission for further proceedings. The issue presented by the petition, as hereinbefore stated, was not determined by this court.

Upon the remand of the cause the State Industrial Commission again made a finding that the claimant sustained an accidental personal injury to his left hand, which arose out of and in the course of his employment by the petitioner and while engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Act. In this proceeding it is again contended that the claimant was not in the employment of the petitioner and that he was an independent contractor at the time he was injured. Neither the fact of the injury, the extent of the same, nor the amount of the award is in issue herein.

The record in this case shows that at the time the claimant was injured he was engaged in loading bales of cotton belonging to the petitioner onto a wagon, which was owned by the claimant and which was hauled by horses which were owned by the claimant, for the purpose of hauling those bales of cotton to a freight car in which they were to be shipped by rail; that the

petitioner had agreed to pay him 15 cents per bale for loading and hauling the same; that the nature of the work required him to employ assistants; that he had employed two other men to work for him and to assist him in loading the bales of cotton onto his wagon and in unloading those bales of cotton from his wagon; that he furnished his own equipment for the loading and unloading thereof; that those men were assisting him at the time he was injured, and that the injury was caused either by his own negligence or the negligence of one of his employed assistants; that the petitioner did not furnish the claimant with either the team, wagon, or assistants; that it did not pay the assistants, and that it paid him 15 cents per bale for hauling, which included his compensation for the use of his team, wagon, and loading equipment, and for such assistants as he saw fit to employ. Under that state of facts, it is evident that the claimant was not an employee of the petitioner, and that he was an independent contractor at the time he was injured.

However, the claimant contends that there was some evidence tending to show that he was an employee and not an independent contractor, and that, inasmuch as there was some evidence to support the award of the State Industrial Commission, this court has no authority to disturb the award based thereon. The evidence upon which the claimant relies is that, while he and his two employees were loading the bales of cotton onto his wagon, it began to rain and a superintendent or foreman of the petitioner came to where they were loading the cotton onto the wagon and remarked, "Snap into it and get those bales over there before it gets wet, or Coulson won't accept them." We thus have for determination the question of whether or not that statement was sufficient to create the relationship of employer and employee under the facts shown by the record in this case. There is nothing else in the record tending to show that the petitioner exercised any control over the claimant or his employees in the loading, hauling, or unloading of cotton under his agreement with the petitioner. We can give the statement of the superintendent or foreman no such legal effect. It no more operated to create the relationship of employer and employee, and it was no more evidence of the existence of such a relationship, than would be a statement by the owner of property, who had contracted with a building contractor for the erection of a building thereon, to "snap into it and get the roof completed before the building got wet."

We have carefully reviewed the following authorities cited by the parties hereto, to wit: Maryland Casualty Co. v. State Industrial Comm., 148 Okla. 204, 298 P. 275; Producers Lbr. Co. v. Butler, 87 Okla. 172, 209 P. 738; Fox v. Dunning, 124 Okla. 228, 255 P. 582; Midland Oil & Gas Co. et al. v. Creel et al., 89 Okla. 23, 213 P. 852; Moore & Gleason et al. v. Taylor et al., 97 Okla. 193, 223 P. 611; Southern Const. Co. et al. v. State Industrial Comm. et al., 112 Okla. 248, 240 P. 613; Wagner v. A. A. Davis Const. Co., 112 Okla. 231, 240 P. 618; Tahona Smokeless Coal Co. v. State Industrial Comm. et al., 128 Okla. 188, 261 P. 941; Porter Const. et al. v. Burton et al., 156 Okla. 72, 8 P. (2d) 64, and Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. (2d) 149, and in none of them can we find anything to justify the award made in this case.

The award of the State Industrial Commission is vacated and the cause is remanded, with directions to dismiss the claim.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.