HOBART LUMBER CO. et al. v. FELLS et al.

No. 30144.   Jan. 27, 1942.

*122 P. 2d 390.*

Butler & Rinehart, of Oklahoma City, for petitioners.

J. Robin Field, of Hobart, and Mac Q. Williamson, Atty. Gen., for respondents.

HURST, J. This is an original proceeding to review an award made by the State Industrial Commission. The sole question presented is whether respondent Fells was an employee of Hobart Lumber Company or an independent contractor.

Fells was an itinerant knife and scissors sharpener who went from place to place in pursuit of his calling, traveling on a bicycle. He had previously had experience as a machinist, but had been plying his trade as a knife and scissors sharpener for four years or more. While at Hobart a foreman of the lumber company approached him with reference to sharpening some saws in the company's shop. He did this work for a lump sum, which was paid upon its completion. After sharpening the saws, he advised the foreman that the machine which operated one of the saws was defective, and advised the foreman that he could repair it. When requested to state his charge for doing the work, he stated that he could not set a price until he had torn down the machine and ascertained its condition, which would require at least a half day's work. He suggested that he would do the job for 50 cents per hour, and this was agreed to by the company. Fells furnished his own tools. It became necessary to remove part of the machinery to a machine shop to effect the necessary repairs, and Fells was instructed to take it to the shop of Western Oklahoma Gins, where he would be furnished such assistance as he needed. The machinery was removed to the machine shop by the trucks of the lumber company, and brought back by them when the shop work was finished. The injury was sustained at the place of business of the lumber company. Both in the machine shop and at the shop of the lumber company Fells was in charge of the repair work, and was not supervised or directed by the lumber company, there being no one in that organization who had any knowledge of how to repair the machine. He was requested to finish the repairs as quickly as possible, as the company needed the saw. He worked ten hours a day, but was not required to do so. Except for the direction to take the machinery to the shop of Western Oklahoma Gins for machine shop repair work, he was his

own master in the choice of methods and material, hours of work, and in deciding what parts of the machine were defective and needed repair. His name was not placed on the company pay roll, nor is it shown that his time was kept by the company. He himself testified that he had complete supervision and control over all that was done for the machine, or what was needed to be done, and that he was to be paid when the job was completed.

In Getman - MacDonald - Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149, the elements to be considered in determining the status of a claimant as an agent or an independent contractor are stated, and it was also said that the line of demarcation between the two is not one clearly drawn by the courts, and that the question must be determined from the facts in each case. See, also, W. H. Butcher Packing Co. v. Hixon, 189 Okla. 700, 119 P. 2d 1019. The controlling factor here is whether the claimant was subject to the control of the lumber company while engaged in doing the work. Dierks Lbr. & Coal Co. v. McDaniel, 188 Okla. 695, 112 P. 2d 1082; Drumright Gas Engine Co. v. Sherrill, 173 Okla. 147, 46 P. 2d 921; Chicago, R. I. & P. Ry. Co. v. Bennett, 36 Okla. 358, 128 P. 705, 20 A.L.R. 678, and note; 27 Am. Jur. 486; 71 C. J. 449, § 184.

From the facts above stated, which are established by the evidence of both claimant and employer, it is clear that the employer did not have, or attempt to assert, any control whatever over claimant. The direction to take the parts which it became necessary to machine to the shops of Western Oklahoma Gins, and to charge such work to the employer, was not an exercise of control over claimant, but was a designation of a shop with which the employer was on friendly terms, and on a matter in which claimant desired to exercise no choice, as, so far as the record shows, he was not acquainted with the machine shops in Hobart, if in fact there were others there. It is apparent from the testimony of both claimant and employer that both understood that claimant was employed to produce a result, the repairing of the machine so that it would function properly, by his own methods and peculiar skill, free from supervision or control, and that the nature of the employment was well known to both, and that neither believed nor intended that claimant should become an employee of the company in the commonly accepted meaning of that term. Both claimant and the company understood the reason why claimant was to be paid on an hourly basis for this particular job, instead of a lump sum as on the former job of sharpening.

Claimant relies upon Harris Meat & Produce Co. v. Brown, 177 Okla. 317, 59 P. 2d 280, asserting that the facts in that case and those in the instant case are analogous. But in that case, as in Dierks Lbr. & Coal Co. v. McDaniel, above, the simplicity of the work was such that supervision to any extent was unnecessary, and in Harris Meat & Produce Co. v. Brown the evidence of prior employment, and the lack of any express contract between the parties, together with the indefiniteness of the independence reserved by the claimant, all indicated that the parties considered and understood that the relation of master and servant existed. We do not consider the facts analogous, or the decision controlling. The lack of supervision and control in the instant case was not due to the simple nature of the work performed by claimant, but to the company's confidence in claimant's skill, and in his ability to produce the desired result, and to its lack of knowledge as to the methods to be pursued, or the things to be done, to accomplish such result.

2. Claimant also contends that the act of the company in deducting the social security tax from the amount paid to claimant is important, as it shows that the company considered claimant an employee. We do not think, however, that it necessarily reflected an acknowledgment of that status. It may well have been due to doubt as to the meaning of the law, or to excessive caution on the

part of the company in attempting to comply therewith. Standing alone, it is not sufficient to overcome the evidence indicating a contrary understanding on the part of both claimant and the company.

3. Claimant also contends that the facts regarding the nature of claimant's employment are in dispute, and that therefore under the rule announced in Harley v. Smith, 152 Okla. 56, 3 P. 2d 666, and other cases the determination of his status by the Industrial Commission is conclusive, and should not be disturbed by this court. Examination of the record discloses no dispute as to the facts. On the contrary, the evidence of both parties is unusually free from any conflict as to their existence, the dispute arising over the conclusion to be drawn therefrom. Therefore, the question of whether such facts, under the law, are sufficient to classify claimant as an employee of the company, and bring him within the operation of the Workmen's Compensation Act, is a question of law, upon which the decision of the Industrial Commission is not conclusive. McAlester Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 P. 630; American Tank & Equipment Co. v. Gray, 167 Okla. 494, 30 P. 2d 901; Oklahoma City v. Arnold, 165 Okla. 294, 25 P. 2d 651.

The only reasonable inference to be drawn from the facts established in the case at bar is that claimant was at all times an independent contractor. It is clear that in sharpening the saws he was an independent contractor. We do not believe his status changed when he undertook the job of repairing the machine. Therefore, the Industrial Commission erred in making the award. Fox v. Dunning, 124 Okla. 228, 255 P. 582; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Harley v. Smith, supra.

Award vacated.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur.