WILLIAMS et al. v. BRANUM et al.

No. 30888. Jan. 5, 1943.

Rehearing Denied March 2, 1943.

*134 P. 2d 352.*

Ryan Kerr, of Oklahoma City, for petitioners.

C. W. Schwoerke and Fred V. Otto, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BAYLESS, J. This is an original proceeding in this court brought by L. C. Williams, hereinafter referred to as petitioner, and his insurance carrier to obtain a review of an order made by the State Industrial Commission in favor of Alfred M. Branum, hereinafter referred to as respondent.

On December 5, 1941, respondent while engaged in hauling gravel for the petitioner sustained an accidental personal injury, the nature and extent of which is not here involved. On December 22, 1941, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation, wherein he alleged that he was an employee of the petitioner at the time that he sustained his injury and that the accident arose out of and in the course of his employment. The petitioner filed an answer and therein denied liability for the assigned reason that the relation of employer and employee did not exist. At hearings held to determine the issue of liability, the petitioner took the position that respondent was an independent contractor and hence not entitled to claim compensation. The trial commissioner who conducted the hearings found that respondent was an independent contractor and dismissed the claim for lack of jurisdiction to make an award. The respondent prosecuted an appeal to the commission sitting en banc and was there successful in getting the order of the trial commissioner vacated and the order under review entered. In this last order the commission found that respondent was an employee of the petitioner and injured while engaged in an employment which came within the

provisions of the Workmen's Compensation Act, 85 O. S. 1941 § 1 et seq.

The petitioner challenges the findings so made by the commission and contends that the facts shown in the record compel the conclusion that the respondent was an independent contractor. In support of the contention so made petitioner points to the fact that the respondent was the owner of the truck which he was driving when he was injured and to the fact that respondent was allowed a wide latitude in the performance of his work and that petitioner retained only a slight control over his operations and insists that the above facts bring the respondent within the rule heretofore announced. See Wagoner v. A. A. Davis Const. Co., 112 Okla. 231, 240 P. 618; Oklahoma Pipe Line Co. v. Lindsey, 113 Okla. 296, 241 P. 1092; Porter Const. Co. v. Burton, 156 Okla. 72, 8 P. 2d 64; Maryland Cas. Co. v. State Industrial Commission, 148 Okla. 204, 298 P. 275; Southland Cotton Oil Co. v. Pritchett, 167 Okla. 6, 27 P. 2d 819, and other Oklahoma decisions found in Oklahoma Digest (West) Workmen's Compensation, Key Nos. 304-343. See, also, Ellis & Lewis v. Trimble, 177 Okla. 5, 57 P. 2d 244.

Respondents take issue with petitioner's contention by the following assertion: Whether a person is an employee or an independent contractor always depends upon the facts, that the finding of the State Industrial Commission thereon is conclusive if there is any evidence reasonably tending to support its finding, and that such an issue only becomes one of law, reviewable by this court, when the evidence is not in conflict and is of such a character that only one conclusion could be drawn therefrom. They then point out what they consider sufficient differences in viewpoint to be drawn from the evidence to support the finding of the State Industrial Commission on this issue, and assert such finding is conclusive.

In support of this legal contention they cite Briscoe Const. Co. v. Miller, 184 Okla. 136, 85 P. 2d 420, Harley v. Smith, 152 Okla. 56, 3 P. 2d 666, and the cases cited therein. These decisions state, in substance, that the decision of the State Industrial Commission that a workman is an employee and not an independent contractor is conclusive where the facts are in dispute.

However, this issue is one of jurisdiction, for if claimant is not an employee, the State Industrial Commission has not power to entertain his claim or afford him relief. We have said in McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32, and Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777, that the findings of fact by the State Industrial Commission on the issues relating to the existence of its jurisdiction are not binding or conclusive on appeal, but it is the duty of this court to weigh such evidence and arrive at its own view of the issue in order that judicial process may be accorded the complaining party, it being recognized that the State Industrial Commission is not a court but an administrative body exercising some functions judicial in their nature. See, also, Griffin v. Holland, 191 Okla. 417, 131 P. 2d 113.

Claimant owned his truck, and by agreement with petitioner hauled gravel from a pit to a work project. For this, claimant was paid $1.10 per ton. Claimant testified that petitioner told him where to get the gravel and where to deliver it. He also testified that he could go to work when he pleased, could take his truck from the work when he pleased, that he could hire a substitute to drive for him, and it was his duty to pay his substitute's salary from the earnings of the truck.

We are unable to see any difference as a matter of fact that would compel a different conclusion of law with respect to this man's status and that of those claimants in Waggoner v. A. A. Davis Const. Co., supra; Porter Construction Co. v. Burton, supra; Maryland Cas. Co. v. State Industrial Commission, supra; Southland Cotton Oil Co. v. Pritchett, supra, and other decisions to be found under Workmen's

Compensation (Am. Dig., West) Key Nos. 304-343. In all of these cases involving haulers who furnish their own vehicles and engage to haul property for another on any basis than a daily wage, where the owner of the property retains no control beyond specifying what is to be hauled, and from whence to where, it is held the relationship is that of independent contractor and not master and servant. We think the facts in this case compel a similar holding.

It can be seen from the decisions cited that there is a conflict between the rule announced in McKeever Drilling Co. v. Egbert, supra, and Tulsa Rig, Reel & Mfg. Co. v. Case, supra, and the decisions cited by respondents, Briscoe Const. Co. v. Miller, supra, and Harley v. Smith, supra. Perhaps it has arisen through failure to differentiate between jurisdictional issues and nonjurisdictional issues. In the latter class of cases the findings of the State Industrial Commission on issues of fact, made from conflicting evidence, are conclusive. In such cases the jurisdiction of the State Industrial Commission is not questioned. But in cases such as the one before us, where the party asserted to be the master denies such relationship, and therefore denies the power of the State Industrial Commission over him, the finding of the State Industrial Commission on that issue, whether on disputed or undisputed evidence, must be reviewed by this court and judged on our independent view and weighing of the evidence.

Therefore, the language in the cases above cited contrary to this rule must be disapproved and said opinions insofar as they are in conflict herewith are expressly overruled as well as any other decisions of this court so holding.

The award of the State Industrial Commission is vacated.

WELCH, C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., absent. RILEY, J., not participating.