THOMPSON v. BRASELTON FEDERAL INSULATING & BLDG. MATERIALS CO. et al.

No. 34055. Oct. 24, 1950.

*223 P. 2d 527.*

John C. Moran, of Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Smith, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J. Giles Thompson, claimant in the proceeding below, petitioner herein, seeks to vacate an order denying an award entered on a claim filed September 14, 1948. Therein it is stated that on September 6, 1948, claimant sustained an accidental injury arising out of and in the course of his employment with the respondent, Braselton Federal Insulating and Building Materials Company, hereinafter called Braselton, when he fell from a ladder while repairing a window of a dwelling house.

The cause and extent of the disability is not in dispute. The State Indus-

trial Commission denied an award solely on the ground that the claimant was an independent contractor and not an employee.

Claimant presents the single proposition that the State Industrial Commission erred as a matter of law in holding that he was an independent contractor. In Williams et al. v. Branum et al., 192 Okla. 129, 134 P. 2d 352, this court, in considering whether the evidence justified the finding as to independent contractor, stated:

"The court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact. Briscoe Const. Co. v. Miller, 184 Okla. 136, 85 P. 2d 420, and Harley v. Smith, 152 Okla. 56, 3 P. 2d 666, to the contrary are expressly overruled."

The evidence discloses without substantial dispute that claimant was engaged in the roofing of buildings and for this purpose he hired his son and Tom Cox to assist him in placing squares of roofing and siding on a dwelling being repaired by Braselton. He was also to do some painting and repairing of doors and windows. The claimant took jobs of this nature whenever he found them, and entered into an oral agreement regarding his work with Braselton a few days before he completed all but a small portion of siding on Friday before he was injured on Monday. At this time it was discovered that it would be necessary to make certain additional repairs on the windows. Claimant was paid $5 a square for the work done on the roof and $3 a square for the work done on the siding. Claimant was paid for all of the work in three different payments, one for $100, one for $25, and the final payment, after completion of the work, of $75.

There is a dispute as to the method of payment for the work done other than roofing and siding. Claimant states that he was to receive $1.50 per hour. Braselton denies this and states that claimant was to be paid for the work by the job, and states that a short time before the additional work was to be done on the windows claimant contacted Braselton and informed him that the windows would need further repairs, and thereupon Braselton told claimant to do the work and figure up the total and he would pay him for all of the work together. It is admitted that claimant sustained his accidental injury on Monday, September 6, 1948, which was Labor Day. Claimant testified and it is not disputed that Braselton requested him to work on Labor Day so that Braselton's employees could weatherstrip on the following Tuesday.

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of the work. Producers Lumber Co. v. Butler, 87 Okla. 172, 209 P. 738; Midland Oil & Gas Co. v. Creel, 89 Okla. 23, 213 P. 852; Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611; Southland Cotton Oil Co. et al. v. Pritchett et al., 167 Okla. 6, 27 P. 2d 819.

In Southland Cotton Oil Co. et al. v. Pritchett et al., supra, it is stated:

"In determining whether the relation between a principal contractor and another engaged in work on the subject-matter of the contract is that of master and servant or an independent contractor, the test is whether the principal contractor reserves the power to control the latter."

In Hobart Lumber Co. et al. v. Fells et al., 190 Okla. 106, 122 P. 2d 390, it is stated:

"Claimant, an itinerant knife and scissors sharpener who had formerly been a machinist, was employed by a lumber company to place a machine-driven saw in good working order. He exercised his own judgment as to what repairs were necessary, and how they

were to be effected. He furnished his own tools, and was not controlled or directed by the company, except that he was told to have any necessary shop work done at a certain machine shop and charged to the company. He was paid 50 cents per hour because of his inability to fix a contract price for the job, but was not placed on the company payroll, and was not to be paid until the work was completed. Held, that claimant was an independent contractor, and not a servant."

In that opinion the court further states:

"In Getman - MacDonell - Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149, the elements to be considered in determining the status of a claimant as an agent or an independent contractor are stated, and it was also said that the line of demarcation between the two is not one clearly drawn by the courts, and that the question must be determined by the facts in each case. See, also, W. H. Butcher Packing Co. v. Hixon, 189 Okla. 700,. 119 P. 2d 1019. The controlling factor here is whether the claimant was subject to the control of the Lumber Company while engaged in doing the work."

Claimant argues that he was directed to work on Monday so that Braselton could do the weather stripping the following Tuesday and that this shows a direction and control of claimant such as to constitute him an employee within the terms and meaning of the Workmen's Compensation Law. The same argument was made in Hobart Lumber Co. v. Fells et al., supra. Therein Fells was hired to fix some saws; when it was discovered that a machine needed repairs he was requested to fix the machine as soon as possible, as the company needed the same. And in Southland Cotton Oil Co. v. Pritchett, supra, it was likewise asserted that claimant was directed to "snap into it and get those bales over there before it gets wet, or Coulson won't accept them." Therein the court said:

"We thus have for determination the question of whether or not that statement was sufficient to create the relationship of employer and employee under the facts shown by the record in this case. There is nothing else in the record tending to show that the petitioner exercised any control over the claimant or his employees in the loading, hauling, or unloading of cotton under his agreement with the petitioner. We can give the statement of the superintendent or foreman no such legal effect. It no more operated to create the relationship of employer and employee and it was no more evidence of the existence of such a relationship, than would be a statement by the owner of the property, who had contracted with a building contractor for the erection of a building thereon, to 'snap into it and get the roof completed before the building got wet.'"

The claimant was hired to do the work according to his own plan and without direction or control from Braselton. The testimony as to the manner of payment, as stated, is in conflict. The manner of payment is not conclusive as to whether the relation is that of employer and employee. State Highway Commission v. Brewer, 196 Okla. 437, 165 P. 2d 612. There was nothing said or done during the course of the work which changed the nature thereof from that done by an independent contractor. The State Industrial Commission reached the correct conclusion when it denied an award.

Order denying the award sustained.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.