## HARRILL v. STATE INDUSTRIAL COMMISSION et al.

No. 35741.   June 16, 1953.

*258 P. 2d 624.*

B. E. "Bill" Harkey, Oklahoma City, for petitioner.

Monnet, Hayes & Bullis, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J.   Frank Wesley Harrill, hereinafter called claimant, filed his first notice of injury and claim for compensation against E. B. Treadwell, employer, and Central Surety & Insurance Corporation, insurance carrier, stating that he sustained an accidental injury arising out of and in the course of his employment with E. B. Treadwell when he slipped and fell.   The trial commissioner entered an award for claimant but on appeal to the commission en banc the award was vacated and the claim was denied.   This proceeding is brought by the claimant to review an order denying the award.   The cause and extent of the disability are not in issue.

The claimant raises the single issue that the State Industrial Commission erred in finding that claimant was not an employee of E. B. Treadwell.   In this connection he relies upon the rule in Williams v. Branum, 192 Okla. 129, 134 P. 2d 352, which holds:

"This court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact.* * *"

We shall therefore review the evidence and make an independent finding in accord with the above rule.

Claimant testified that he was hired to do inside trim on dwellings being erected by E. B. Treadwell; that this consisted of putting on the base, the base shoe and hanging the medicine cabinets and phone booth; that this was done on an oral agreement for $85 per dwelling.   He had completed a number of houses for E. B. Treadwell, contractor, and was engaged in work on a like job when he sustained his injury due to the fall.

In Nichols v. State Industrial Commission, 207 Okla. 167, 248 P. 2d 616, we stated:

"The relation of employer and employee is a first prerequisite to any award under the Compensation Act, and such relation is created either by con-

tract, express or implied, or by the unequivocal acts of the parties recognizing the relationship.

"Before one is entitled to a liberal construction of the Workmen's Compensation Law, he must be held to strict proof that he is in the class embraced within the provisions of the law. He must establish direct proof of relationship of master and servant at the time of the accidental personal injury."

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work. Producers Lumber Co. v. Butler, 87 Okla. 172, 209 P. 738. See, also, Keeling v. Schuman Bros. Lbr. Co., 204 Okla. 277, 229 P. 2d 193; Thompson v. Braselton Federal Insulating & Building Materials Co., 203 Okla. 510, 223 P. 2d 527.

In Southland Cotton Oil Co. v. Pritchett, 167 Okla. 6, 27 P. 2d 819, it is stated:

"In determining whether the relation between a principal contractor and another engaged in work on the subject matter of the contract is that of master and servant or an independent contractor, the test is whether the principal contractor reserves the power to control the latter."

In Hobart Lumber Co. v. Fells, 190 Okla. 106, 122 P. 2d 390, this court stated:

"In Getman - MacDonnell - Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149, the elements to be considered in determining the status of a claimant as an agent or an independent contractor are stated, and it was also said that the line of demarcation between the two is not one clearly drawn by the courts, and that the question must be determined from the facts in each case.

See, also, W. H. Butcher Packing Co. v. Hixon, 189 Okla. 700, 119 P. 2d 1019. The controlling factor here is whether the claimant was subject to the control of the Lumber Company while engaged in doing the work."

In order to show the control of claimant's work, claimant stated that if he did not put in a full day's work he would no doubt have been discharged. In order to show supervision of his work, he stated that if any of his work was not properly done he would have to do it over. He also stated that on one occasion his brother-in-law helped him to complete two dwellings because Mr. Treadwell was in a hurry for these particular dwellings. The evidence discloses that E. B. Treadwell did not deduct any amount from claimant's wages for social security or income tax. No one kept any account of the number of hours claimant worked. We find nothing in the evidence that would support a finding that claimant was an employee. In Burnett v. Roberts, 57 Wyo. 511, 121 P. 2d 896, it is stated that the controlling or principal test as to whether or not a person is an employee instead of an independent contractor is whether or not the employer retains the right to control the details of the work. The evidence discloses without substantial conflict that claimant was hired to do the trim work in each of the houses in his own manner and according to his own best judgment and that E. B. Treadwell desired only the completed job satisfactory to him.

Under such circumstances, the State Industrial Commission did not err in denying the award.

Order denying award sustained.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, O'NEAL, and WILLIAMS, JJ., concur.