Joe **MAHL**, Petitioner,

v.

**J. B. McMAHAN and Great American Indemnity Insurance Company and the State Industrial Commission, Respondents.**

No. 38071.

Supreme Court of Oklahoma.

April 15, 1958.

Donald Royse, Elk City, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

On the 3rd day of August, 1957, Joe Mahl, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by J. B. McMahan, employer, he sustained an accidental injury arising out of and in the course of his employment when he fell from a scaffold while installing an exhaust fan in a restaurant owned by the employer. The State Industrial Commission denied an award for the reason claimant was not an employee but an independent contractor and claimant has brought this proceeding against the employer and Great American Indemnity Insurance Company, insurance carrier, hereinafter called respondents, to review the order denying the award.

Claimant raises the single issue that the State Industrial Commission erred as a matter of law in denying the award and states that the evidence discloses that he was an employee and not an independent contractor.

Claimant testified he was a carpenter by trade and that on July 5, 1955, J. B. McMahan called him to install an exhaust fan in the wall of his cafe. Claimant went to the place of business and determined he would need a helper, and obtained a fellow workman and returned to the place of business. Employer told him to place the fan east of a steel beam in the wall at such a point as desired by the employer and advised or cautioned him to make the fan fit tight and to see that it was well oiled. He further testified he was paid by the hour. On cross-examination claimant stated that he worked for himself and did work both by the hour and on contract and the only time reduction had been made for his wages as an employee was for some work done for a lumber yard; that he had been working as a carpenter for about eighteen years; that the employer made no deductions from the amount paid claimant for installing the fan; that employer hired claimant for other work and had never made any deduction from the amount paid claimant for labor performed. During the installation of the fan claimant fell from the scaffold erected to install the fan and sustained some disability.

In Harrill v. State Industrial Commission, 208 Okl. 666, 258 P.2d 624, 625, claimant was doing finishing work on houses being built by a general contractor. The court in holding his supervision not sufficient to constitute him an employee of the general contractor stated:

"The relation of employer and employee is a first prerequisite to any award under the compensation act, and such relation is created either by contract, express or implied, or by the unequivocal acts of the parties recognizing the relationship."

In Nichols v. State Industrial Commission, 207 Okl. 167, 248 P.2d 616, it is stated:

"The relation of employer and employee is a first prerequisite to any award under the compensation act, and such relation is created either by contract, express or implied, or by the unequivocal acts of the parties recognizing the relationship.

"Before one is entitled to a liberal construction of the Workmen's Compensation Law, he must be held to strict proof that he is in the class embraced within the provisions of the law. He must establish direct proof of relationship of master and servant at the time of the accidental personal injury."

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of the employer, except as to the result of his work. Producers' Lumber Co. v. Butler, 87 Okl. 172, 209 P. 738. See, also, Keeling v. Schuman Bros. Lbr. Co., 204 Okl. 277, 229 P.2d 193; Thompson v. Braselton Federal Insulating & Building Materials Co., 203 Okl. 510, 223 P.2d 527.

Claimant refers to the record as to certain instructions given him in installing the fan. The case is similar in some respects to Harrill v. State Industrial Commission, supra. The instructions given with respect to the installation of the fan were nothing more than the ordinary precautionary remarks made by any cautious man having a right to expect a properly completed job.

In Southland Cotton Oil Co. v. Pritchett, 167 Okl. 6, 27 P.2d 819, it is stated:

"In determining whether the relation between a principal contractor and another engaged in work on the subject-matter of the contract is that of master and servant or an independent contractor, the test is whether the principal contractor reserves the power to control the latter."

In Hobart Lumber Co. v. Fells, 190 Okl. 106, 122 P.2d 390, 391, this court said:

"In Getman - MacDonell - Summers Drug Co. v. Acosta, 162 Okl. 77, 19 P. 2d 149, the elements to be considered in determining the status of a claimant as an agent or an independent contractor are stated, and it was also said that the line of demarcation between the two is not one clearly drawn by the courts, and that the question must be determined from the facts in each case. See, also, W. H. Butcher Packing Co. v. Hixon, 189 Okl. 700, 119 P.2d 1019. The controlling factor here is whether the claimant was subject to the control of the Lumber Company while engaged in doing the work. * * *"

Under the rule announced in the foregoing cases there was no relation of employer and employee within the meaning of the term as used by the Workmen's Compensation Act. 85 O.S.1951 Sec. 1 et seq.

Claimant states that the payment by the hour discloses that he was an employee. The manner of payment is not conclusive on the question of whether the relation is that of master and servant or principal and independent contractor. State Highway Commission v. Brewer, 196 Okl. 437, 165 P.2d 612, and Braselton Federal

Insulating & Building Materials Co., supra. We have held that a painter employed by the owner of a building was an independent contractor. Taylor v. Langley, 188 Okl. 646, 112 P.2d 411. One of the tests applied has been whether the job is to be completed. Industrial Commission v. Hammond, 77 Colo. 414, 236 P. 1006. The evidence is that it was the obligation of claimant to make a complete installation of the fan.

Claimant argues that since the trial commissioner sustained a demurrer to the evidence, under the rule announced in Empire Oil & Refining Co. v. Williams, 184 Okl. 172, 86 P.2d 291, it is necessary to disregard all the evidence in favor of respondents and consider only testimony favorable to claimant. The rule is not applicable in cases before the State Industrial Commission. Banning v. Peru-Laclede Syndicate, Inc., 179 Okl. 382, 65 P.2d 976. In Williams v. Branum, 192 Okl. 129, 134 P.2d 352, 353, it is stated:

"This court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact. * * *"

We have noticed the cases cited by claimant on the question of independent contractor. As suggested by respondents, Chicago, R. I. & P. Ry. Co. v. Bennett, 36 Okl. 358, 128 P. 705, 20 A.L.R. 678, was disposed of under the rule applied in jury cases on contested questions of fact which is not applicable since Williams v. Branum, supra. See, in this connection, Briscoe Construction Co. v. Miller, 184 Okl. 136, 85 P.2d 420. The other cases cited by claimant are also distinguishable from the case under consideration.

There was no error in denying the award on the grounds that claimant was not an employee.

Order denying the award sustained.

WELCH, C. J., and DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.

JOHNSON, J., concurs in result.

CORN, V. C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.