Herbert SCHWANDT, Respondent,

v.

Richard J. WITTE, d/b/a Home Improvement Supply Company, Appellant.

No. 48031.

Supreme Court of Missouri,

Division No. 2.

April 10, 1961.

Rehearing Denied May 8, 1961.

Jerome J. Duff, John J. Delabar, St. Louis, for employer-appellant.

John D. Connaghan, St. Louis, William L. Mason, Jr., St. Louis, for respondent.

BARRETT, Commissioner.

On January 2, 1957, Herbert Schwandt and Pat Collins, roofing and siding applicators, were remodeling Paul Rost's two-story apartment building at 7271 Southwest Avenue. Specifically, they were replacing the wood siding with asbestos siding. While working on a scaffold Schwandt pulled on a board, the board broke and Schwandt off balance fell to the ground fracturing his right wrist and leg. Claiming that he was employed by Richard J. Witte, doing business as Home Improvement Supply Company, Schwandt filed a claim for compensation under the Workmen's Compensation Law. Mo.R.S.1959, Sec. 287.010 et seq., V.A.M.S. Mr. Witte denied that Schwandt was his employee. The Division of Workmen's Compensation found, however, that Schwandt "was either an employee or an independent contractor of Richard J. Witte (Home Improvement Supply Company), and it is not important which he was because he was doing work for Richard J. Witte on or about Witte's premises which was an operation of the usual business which Witte was there

carrying on" and, therefore, the claim was compensable under section 287.040(1), the "statutory employment" provision (25 K.C. L.R. 149) of the statutes. The Industrial Commission affirmed the award on review and since Mr. Witte did not carry compensation insurance and was not an authorized self-insurer the award was commuted (Mo. R.S.1959, Sec. 287.280, V.A.M.S.), $2,433.-18 medical expenses, $6,238.83 compensation, total award $8,672.01. The circuit court affirmed the award and on December 22, 1959, Mr. Witte filed his notice of appeal in this court.

The appellant contends that he was not an "employer" (Mo.R.S.1959, Sec. 287.-030(1), V.A.M.S.) and that Schwandt was not an "employee." Mo.R.S.1959, Sec. 287.-020(1), V.A.M.S. It is said that Schwandt was an independent contractor and therefore "has benefits * * * available" if he can bring himself within the definitions of section 287.040, but the appellant insists that upon this record the claim is not within the statutory employment provision. In any event he contends that the commission erroneously applied paragraph one of the statute when as a matter of fact Schwandt and Collins were partners and "contracting parties" rather than employees of subcontractors and therefore the claim falls within the exception or exemption of paragraph three and is not compensable.

■■■ Respondent's appellate counsel, instead of briefing the case on its merits, has filed a brief in which he "ignores" each of the appellant's separately briefed points because, he says, the appellant's brief does not meet the requirements of Supreme Court Rule 83.05, V.A.M.R., particularly as the rule has been interpreted in Domijan v. Harp, Mo., 340 S.W.2d 728. Even after appellant's counsel was given leave to amend his brief in certain particulars (Pearson Drainage District v. Erhardt, 239 Mo.App. 845, 859, 201 S.W.2d 484, 492), and even after what should have been a sufficient warning on oral argument, counsel has not seen fit to brief his case on the merits. Counsel has not

moved to dismiss the appeal (Jacobs v. Stone, Mo., 299 S.W.2d 438) or to affirm the judgment (Sup.Ct. Rule 83.09) because of the claimed violation of the rules but urges nevertheless that the judgment should be affirmed. The appellant's brief is not as deficient as the respondent paints it and in the circumstances respondent's counsel should have briefed the case on its merits. This is after all a workmen's compensation case, an appeal from an administrative tribunal, and the essential problem is whether the commission's award is supported by substantial evidence upon the whole record or whether it should be set aside as clearly contrary to the overwhelming weight of the evidence. Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55.

Collins and Schwandt were experienced roofing applicators, they worked as a team, the appellant calls them partners. They furnished their own tools, ladders and scaffold and were paid $8 a square for applying asbestos roofing and siding and they divided all sums received "fifty-fifty." Generally they applied roofing and siding for four or five general contractors such as Mr. Witte who solicited contracts and then, as he says, hired subcontractors to perform the work. In this instance Collins and Schwandt learned from a friend that Mr. Rost was a prospect for asbestos siding, they looked at his house and estimated that it would require 34 squares. They then went to Mr. Witte: "We had to go down there and ask him if he would take the job because we couldn't finance it." Witte says that he took the job merely to accommodate Collins and Schwandt, they had done four or five other jobs working in this manner through him. Collins and Schwandt picked up the materials at Better Roofing Material Company in Collins' truck (he was paid extra by Witte for hauling materials). The materials were billed to Witte who paid for them. Collins and Schwandt worked on Rost's house two

days in the latter part of December and were given a check by Witte, as was the custom in the business, for the squares of siding they had applied up to that time. This check they cashed and divided. They resumed work on January 2, 1957, when Schwandt was injured and Collins finished the job.

■ The appellant points to these and many other circumstances, the team's procuring the job, furnishing the tools and equipment and urges that Witte had no control over the details of the work and argues therefore that they were not employees of Witte but were independent contractors. It is not necessary to detail all the factors and indicate the indicia of independent contractor or the indicia of employer and employee. Without regard to statutory employment provisions, several jurisdictions in comparable circumstances have held that the relationship of employer and employee existed between the roofing contractor and the applicators. Hume v. Industrial Commission, 248 Wis. 5, 20 N.W. 2d 573; Heine v. Hill, Harris & Co., 2 La. App. 384; Graf v. Montgomery Ward & Co., 234 Minn. 485, 49 N.W.2d 797; Shaffer v. Brown, 32 N.J.Super. 413, 108 A.2d 476; 99 C.J.S. Workmen's Compensation § 106, p. 357. On the other hand, there have been several cases in other jurisdictions in which in the particular circumstances roofing applicators were held to be independent contractors and not employees. Nollett v. Holland Lumber Co., 141 Neb. 538, 4 N.W.2d 554; Thompson v. Braselton Federal Insulating & Building Materials Co., 203 Okl. 510, 223 P.2d 527; Fahey v. Terp, 235 Minn. 432, 51 N.W.2d 273; 99 C.J.S. Workmen's Compensation § 106, p. 362. These lists of cases show the evolution and present status of this phase of the roofing industry, the sale and installation of roofing and siding. But it is not necessary to a disposition of this appeal to say whether the usual relationship of employer and employee (Mo.R.S.1959, Secs. 287.020, 287.030, V.A.M.S.) existed, even though the presence of the relationship would dis-

pose of this appeal. The relationship of "statutory employer" or "statutory employee" "has no reference whatsoever to the usual tests or rules applicable to the relationship of master and servant or employer and employee." The statutory employment provisions are "an exception to the rule of non-liability of the principal to an independent contractor, or to the employees of an independent contractor" as to those categories within the exception. 15 K.C.L.R., loc. cit. 149–150.

It was stipulated that Mr. Witte, doing business as Home Improvement Supply Company, was "by operation of law" a major employer within the meaning of the workmen's compensation law. In this instance, after talking to Collins and Schwandt, Mr. Witte called on Paul Rost, the owner of the four-family apartment building, and after some preliminary discussion presented him with a written contract which both parties signed. Rost said that a filling station operator told him that Collins did this type of work, that Collins came by and said "he would get in touch with a contractor, and it happened to be Mr. Witte." Rost had other bids from other contractors but he had no contract with Collins: "All I know is that Mr. Witte was having Mr. Collins do the work." In the contract, prepared by Witte, it is recited (italics supplied) that "I will hereby accept your proposal *to furnish all labor and materials* necessary to * * * furnish and *install complete* Globe Etchtone Majestic Blend Siding * * *. *All work will be performed in a workmanlike manner and in accordance with standard practice.* The undersigned property owner agrees to pay for said work the sum of $1260.00 * * *."

Mr. Witte says that pursuant to the written contract, "I hired someone (Collins and Schwandt) to do it." He paid them in accordance with the custom of the industry, "According to the amount of work they had done," here for the first two days on December 28, 1956, $166.00, "to reim-

burse Pat Collins and Herb Schwandt" for work they had done on the Rost job. Mr. Witte had had similar jobs or dealings with Collins and Schwandt and they were all according to the prevailing practice and custom in this phase of the roofing industry. He repeatedly stressed the fact,—"You see, to understand the nature of this work, you have to understand the people that you do business with. I don't say this critically when I say these people are financially incompetent. They need their money practically by the hour that they work for it." It is not necessary to further detail circumstances, Mr. Witte thought that Collins and Schwandt were independent contractors and there is no claim that he was intentionally evading the liabilities imposed by the workmen's compensation law. He simply thought that he was accommodating them, that he exercised no control over their work and "because of the fact that they couldn't properly finance it themselves, they came to me with the idea that because of the time of year and business being so slack anyway, they wanted some work to do—and we didn't have any jobs to let out ourselves—So, they came in to my office together, and they asked me to go see this man," and, he says he agreed to do it.

There are numerous other circumstances and factors but it is not necessary to relate them, the indicated circumstances are typically within the general purposes of the statutory employment provisions of the workmen's compensation laws. 1 Larson, Workmen's Compensation Law, Sec. 49.11, p. 723; 15 K.C.L.R., 1. c. 150–153; 99 C.J.S. Workmen's Compensation § 109, p. 378. This is not a claim by Schwandt against Mr. Rost, the owner, who under the provisions of paragraph three (section 287.040(3) is exempt from liability under the act. Allen v. Jackson County Savings & Loan Association, 232 Mo.App. 1098, 115 S.W.2d 7; Bobbitt v. Ehlers, Mo.App., 131 S.W.2d 900. There is no universal test of statutory employment (Viselli v. Missouri Theatre Bldg. Corp., Mo., 234 S.W.2d 563, 566), but "A principal employer who is regularly engaged in the business of erecting, altering, repairing, maintaining * * structures, but who in a particular instance employs an independent contractor or subcontractor to execute the whole or some part of the work, is generally held to come within the purview of statutory provisions imposing upon the principal employer liability for the compensation of employees of independent contactors or subcontractors who are killed or injured while performing work which is in the usual course of the principal's business, or is a part of or process in such business." Annotation 150 A.L.R. 1214, 1223. Without elaborating or demonstrating, the quotation precisely fits the circumstances of this record. As between Schwandt and Witte, it is immaterial that Schwandt may have been an independent contractor. Simpson v. New Madrid Stave Co., 227 Mo.App. 331, 52 S.W.2d 615; Sargent v. Clements, 337 Mo. 1127, 88 S.W.2d 174, 177–178. This is not to say that all roofing contractors and applicators in any and all events are within the statute but where, as here, the working team in fact performs the bulk of the job the contractor has agreed to perform, the obligation of statutory employment follows. In addition to the Simpson and Sargent cases see 1 Larson, Workmen's Compensation Law, Sec. 45.21, p. 662; Baker v. Iowa-Missouri Walnut Log Co., Mo.App., 270 S.W.2d 73; Montgomery v. Mine La Motte Corp., Mo., 304 S.W.2d 885; Pruitt v. Harker, 328 Mo. 1200, 43 S.W.2d 769. Conversely, compare the circumstances in State ex rel. Potashnick v. Blair, 350 Mo. 858, 169 S.W.2d 59; Snethen v. American Compressed Steel, Mo.App., 272 S.W.2d 850; Nabors v. United Realty Co., Mo.App., 298 S.W.2d 474 and Lawrence v. William Gebhardt, Jr., & Son, Mo.App., 311 S.W.2d 97.

As indicated, upon this record the commission's finding of statutory employment within the meaning of section 287.040(1) is supported by competent and substantial evidence and accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT C., is adopted as the opinion of the Court.

All concur.