**SWYDEN CONSTRUCTION COMPANY and State Insurance Fund, Petitioners,**

v.

**Willie J. WHITE and the State Industrial Court of the State of Oklahoma, Respondents.**

No. 40154.

Supreme Court of Oklahoma.

July 9, 1963.

Mont R. Powell, Guy A. Secor, Oklahoma City, for petitioners.

Hatcher & Powell, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

HALLEY, Vice Chief Justice.

The question presented for our consideration in the cause under review is whether claimant did in fact stand in the relation of an employee to Swyden Construction Company (designated in this opinion as Swyden), against which an award was entered below.

The existence of an employee-employer relationship between claimant and the person against whom compensation is sought constitutes a primary prerequisite to an award for death or injury under the Workmen's Compensation Act. While the Act itself will receive a liberal construction in favor of those for whose protection it was enacted, the courts are without authority to extend its purview beyond the class actually embraced within the terms of the law. One who invokes the benefit of the Act has the burden to establish by strict proof that at the time of his accidental injury he did in fact occupy the status of an employee in relation to the person against whom a claim is asserted. Mahl v. McMahan, Okl., 325 P.2d 78; Nichols v. State Industrial Commission, 207 Okl. 167, 248 P.2d 616.

Where the relationship of employer and employee forms a disputed issue on review of a decision made by the State Industrial Court, the Supreme Court will weigh the evidence adduced below and undertake an independent examination of both law and facts to establish the existence or absence of such relation. Thompson v. Braselton Federal Insulating & Building Materials Co., 203 Okl. 510, 223 P.2d 527.

Claimant, who is the proprietor of a contracting business, was engaged by Swyden to perform, for the sum of $225.00, an undisclosed amount of work in waterproofing concrete at an apartment house in Oklahoma City. As this job was nearing completion on the afternoon of April 3, 1961, some additional work became necessary to remove some paint from the basement wall. When approached by Swyden on the job site, claimant expressed his willingness to undertake this extra work "by the hour" with the use of a sandblasting machine. This special equipment, he advised, was absolutely needed for the job and could be procured from only one rental agency in town. Swyden then agreed to pay for the use of the sandblaster and engaged claimant. The work, commenced by claimant and two of claimant's regular workmen on the following morning, was completed in eight hours. It was while on this job that claimant sustained an accidental injury. He was turning off the sandblasting machine and a defective coupling caused the hose to "blow off", causing injury to his eyes and the right hand. Taken to a hospital, he received some treatment. On his release he returned to the job site later in the afternoon.

Within a week following completion of the work, claimant sent a bill to Swyden in the sum of $389.85. Of this sum, $225.00 was for the waterproofing job and the remainder ($164.85) for the removal of paint. There is some doubt as to the amount of hourly wages claimant paid the two workmen. According to claimant's original version of the transaction, each of the two workmen was paid "scale" wages of $4.00 per hour. He modified this, however, by saying that he added thereto a "bonus" of $2.00 per hour. Swyden remitted to claim-

**676** ■ 

ant the full amount of the bill rendered by the latter. Before receiving Swyden's check in payment of the two jobs, claimant paid the wages of the two workmen in cash but withheld therefrom undisclosed amounts for income and social security taxes. As testified by claimant, "I paid my men every Friday."

Swyden asserts the facts as outlined clearly disclose that claimant was an independent contractor. Claimant concedes that he did occupy that status while engaged under his original (first) contract with Swyden to waterproof concrete. He urges that the second arrangement for sandblasting work was "by the hour" and since Swyden procured the special equipment therefor, claimant should be regarded as Swyden's employee while in the performance of that work.

■ The line of demarcation between an independent contractor and an employee is not clearly drawn and the question must be determined from the particular facts in each case. Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okl. 77, 19 P.2d 149. The primary test applied is whether the person who engaged another to perform work or services reserves the power and retains the right to control the details of the work. Harrill v. State Industrial Commission, 208 Okl. 666, 258 P.2d 624.

■■ An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work. Mahl v. McMahan, supra. The manner of payment is not conclusive in determining whether one is an employee or an independent contractor. Thompson v. Braselton Federal Insulating & Building Materials Co., supra.

■ As we view the evidence, claimant was entirely free from Swyden's control in the performance of the sandblasting work. He was engaged to do a piece of work according to his own plan and without any direction or supervision of Swyden. The arrangement left him entirely unrestricted to select his own crew, determine their wages and working hours. There is nothing in the record to support the assertion of any significant difference in the legal status of the parties under the two job agreements. While Swyden did pay the rental fee for the sandblaster, all other tools used on the job belonged to claimant. We therefore hold that there was no change in the relationship of the parties when claimant undertook the sandblasting job.

There was error in the trial tribunal's determination that claimant was an employee of Swyden at the time of his accidental injury. The award is accordingly vacated with directions to deny the claim.

DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., dissents.