(No. 32243.—

TODD SCHOOL FOR BOYS, a Corporation, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH R. PEIRCE, Defendant in Error.)

*Opinion filed May 22, 1952—Rehearing denied September 15, 1952.*

L. B. MARSHALL, and GRAHAM & McELLIGOTT, both of Chicago, (ERRETT O. GRAHAM, and THEODORE L. HAMER, of counsel,) for plaintiff in error.

HINSHAW & CULBERTSON, of Chicago, and ECKERT & CROSS, of Woodstock, (WILLIAM I. CALDWELL, of counsel,) for defendant in error.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Joseph R. Peirce, a student at the Todd School for Boys in Woodstock, Illinois, was seriously injured while riding in a truck owned by the school. He applied for compensation against the school under the Workmen's Compensation Act, and an award in his favor was confirmed by the circuit court of McHenry County. We have allowed a writ of error to review the case.

The evidence discloses that on October 22, 1946, Peirce and a fellow student, Ned Tarbox, were in charge of eight younger students on a sailing excursion to a lake about four miles from the school. In accordance with the practice on previous trips, a school truck was used to transport the boys to and from the lake. On the return trip the truck, driven by Tarbox, overturned, causing the injuries in question.

The plaintiff in error is a private boarding school, providing academic instruction in subjects of elementary and college preparatory grades. Its program also offers practical experience in agriculture, seamanship, aviation and other activities. The school owns appropriate physical equipment, including a farm and farm machinery, an airport and airplane, sailboats, manual training room, laboratories, dormitories and other school buildings.

In addition to their academic studies, most of the boys perform physical tasks about the school and its facilities, the extent of any particular student's participation in such

work being determined by his age, ability and interest. The students assist in operating the farm, help maintain the airport and the school buildings, take care of the furnaces, wait on tables in the dining room, wash dishes, and perform other useful jobs. Some of the older boys are given positions of proctors and student helpers, to supervise younger boys and grade them on neatness and behavior. Peirce was a senior, seventeen years of age, and was placed in charge of fifth- and sixth-grade boys at the dormitory in which he lived. In addition he took grammar-school boys for sailing trips after school hours, whenever the weather was good. During the previous year he had performed a large variety of other tasks, such as cleaning chickens, unloading coal and vegetables, waiting on tables, building benches, raking leaves, and operating a tractor at the airport.

Because of his limited finances, Peirce was admitted to the school at less than the regular tuition rate. He made no formal application for a scholarship, however, and none was awarded. The headmaster of the school testified that the tasks which the students performed in connection with their school work had no relation to the amount of tuition paid; that a boy who was enrolled at a reduced tuition rate was accorded the same treatment, and was required to engage in the same activities, as those paying the regular charge.

Plaintiff in error makes the contention, among others, that the evidence is insufficient to warrant the finding that Peirce was an employee of the school. The statute defines an employee as "Every person in the service of another under any contract of hire, express or implied, oral or written." (Ill. Rev. Stat. 1945, chap. 48, par. 142.) There is no evidence in the record concerning an express contract of hire, either written or oral. The question in dispute is whether a contract and service thereunder can properly be inferred from the circumstances and conduct of the parties.

Defendant in error argues that his work furthered the interests of the school; that it was done under the supervision of various faculty members; that the performance of such tasks was necessary to keep the school in operation; and that he was working at the school to make up a deficit in his tuition. From the testimony in the record, however, including that of defendant in error himself, it appears that other students also performed menial tasks such as waiting on tables, washing dishes, working about the farm, and so on; that other senior students also had charge or supervision of the training and deportment of younger boys; that such other students included those paying full tuition; and that no distinction in any respect was made between boys paying the regular tuition and those who were given a reduced rate. It is further apparent from the evidence that the jobs or tasks performed by students were considered an integral part of their training at the school.

The fact that the work of the students was directed by faculty members and resulted in benefits to the school does not in itself create a relation of employer and employee. (See *Athletic Association of the University of Illinois* v. *Industrial Com.* 384 Ill. 208.) In the case cited a student at the University of Illinois was injured while performing at an entertainment event sponsored by the Athletic Association of the university. Admission charges to the public were made by the association, a nonprofit corporation organized to administer athletic sports as a part of the educational activities of the university. All the entertainers or performers were students in the university, and none received any pay for their services. An order confirming an award of compensation against the association was reversed by this court. In holding that the injured student was not an employee of the association we observed: "in ascertaining whether the relation of employer and employee existed, we must consider not only the situa-

tion and relationship of the immediate parties, but also the fact that they were all connected with, and taking part in an activity of the university." In the case at bar, the work tasks assigned to students, and the supervision of the senior students over the younger boys, were likewise offered by the school as part of its program of education and training. There is no indication here that the students, when they participated in such activities, regarded themselves as employees of the school.

Nor does the evidence support the argument that the reduction in tuition allowed to Peirce was compensation for his services, bringing him within the definition of an employee. In *Stiles* v. *Des Moines Council, Boy Scouts of America*, 209 Iowa, 1235, 229 N.W. 841, a boy scout of high rank was injured at a summer camp while exercising horses to make them gentle enough for use by the younger scouts. The camp was maintained by an incorporated branch of the national boy scout organization, and afforded a variety of activities, including instruction in the various arts and crafts, nature study, horsemanship, physical training and athletic exercises. Any boy scout could attend the camp upon payment of a small fee for his board while there. Some of the older and more advanced scouts were placed in charge of the training and deportment of the younger ones, and were given their board and lodging for assisting in the activities of the camp. The injured boy scout was one of this group. Among other duties the task of exercising the horses was assigned to him, so that they would become gentle for use by the younger scouts. While engaged in riding a horse he received the injury in question by being kicked by a horse in charge of another boy scout. A decree affirming an award of compensation against the organization was reversed by the Supreme Court of Iowa, on the ground that the facts failed to support the finding of an employment relationship between the parties. The court said: "The fact that he was to be relieved from

expense while attending the camp did not, of itself, constitute remuneration for his services nor make him a workman or employee within the terms of the Workmen's Compensation Act."

We conclude that, under the facts and circumstances in the case at bar, the commission was not warranted in finding Peirce to be an employee of the school, and that the circuit court erred in confirming the award. In view of this conclusion it becomes unnecessary to discuss other alleged errors.

The judgment of the circuit court of McHenry County is reversed, and the award is set aside.

*Judgment reversed; award set aside.*