HILLCREST HOSPITAL, a corporation and American Casualty Company, a corporation, Petitioners,

v.

The STATE INDUSTRIAL COURT and Merrie Ann Wightman, Respondents.

No. 42659.

Supreme Court of Oklahoma.

Nov. 26, 1968.

Rehearing Denied April 15, 1969.

As Amended on Denial of Rehearing April 15, 1969.

James R. West, West, Procter & Moore, Oklahoma City, for petitioners.

Harry R. Palmer, Jr., Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is involved here for review an order of the State Industrial Court sitting en banc approving an award entered by the trial judge allowing the respondent, Merrie Ann Wightman, claimant below, partial permanent compensation under the provisions of the Oklahoma Workmen's Compensation Act. Parties will be referred to as they appeared before the State Industrial Court.

Epitomized, the facts are as follows:

Respondent, Hillcrest Hospital, operates a hospital in the City of Tulsa, Oklahoma. In connection with the hospital it operates a nursing school for the training of nurses.

During the month of September, 1964, claimant enrolled as a student nurse in the Hillcrest Nursing School, with the intention of pursuing a three year course of training and becoming a registered nurse. At the time of entering the school she paid tuition and other fees amounting to approximately $151.00 for the first half year. She signed a note in the amount of $1,400.-00 payable in installments after her graduation or withdrawal from the school. It

was executed in payment of claimant's board, room and other incidentals calculated at the rate of $40.00 per month over a period of three years. Claimant continued as a student nurse in the nursing school until August, 1965, when she withdrew from the school.

Claimant testified that the course of training required her to study courses in the classroom and practical training in the hospital where she worked on the floor with registered nurses and doctors in administering to the needs of patients and learning procedures.

The hospital and nursing school are operated in separate buildings and no hospital patients are at any time treated in the nursing school building.

Claimant on January 22, 1965, was in the nursing school building. As a part of her training she was selected by a supervisor to deliver a lecture to a class of student nurses. She was walking up some stairs carrying a slide projector on her way to the classroom. She slipped and fell injuring her back. She was hospitalized and an operation was performed for the repair of a ruptured disc in her back.

While it was stipulated that the respondent hospital carries a Workmen's Compensation policy of insurance covering its employees and therefore the employer and insurance carrier were estopped to contend that the employment was not covered under the Act, such contention begs the real question in issue which is, whether the claimant was in fact an employee of the respondent at the time she was injured.

■ Respondent's sole contention on appeal is that claimant was not an employee of the respondent at the time she was injured. We are committed to the rule that where the relationship of employer and employee is a disputed issue in proceedings before the State Industrial Court, this court on review will not consider the findings of the State Industrial Court as conclusive on such issue but will, as a matter of law, weight the evidence to determine the sufficiency of the facts to establish the ex-

istence or absence of such relationship. Jack Coates Field Service Co. v. Dutton, Okl., 415 P.2d 924; Hunter Construction Co. v. Marris, Okl., 388 P.2d 5.

■ An employee within the provisions of the Oklahoma Workmen's Compensation Act is defined by 85 O.S.1961, § 3, subsection (4), as follows:

"'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation carrying on a business covered by the terms of this Act, * * *."

In Landrum v. Ownby, Okl., 290 P.2d 400, we said:

"The relation of employer and employee is a first prerequisite to any award under the compensation act, and such relation is created by contract, either express or implied, or by the unequivocal acts of the parties recognizing the relationship.

"Before one is entitled to a liberal construction of the Workmen's Compensation Law, he must be held to strict proof that he is in the class embraced within the provisions of the law. He must establish relationship of master and servant at the time of the accidental injury."

Claimant contends that the services she performed working in the hospital in assisting in the care of patients and other general hospital duties was considered in part as payment of her board and room and therefore amounted to compensation establishing the relationship of employee and employer.

Claimant testified that the reasonable rental cost of a room similar to the one occupied by her in the nurses quarters if secured elsewhere would amount to $75.00 per month and the meals furnished at the cafeteria were calculated on a basis of ninety cents for breakfast, $1.25 for lunch and $1.50 for dinner. She testified that she discussed with Jerry Hollis and Mrs. Langholz the lower charge assessed for

board and room by the respondent as compared with other institutions and was told she "would be working in the hospital, and that's why only $40.00 would be asked for the room and board."

Claimant admitted that she did not receive any money for working in respondent's hospital and in her income tax return did not include any amount as earnings from the hospital.

Mrs. Edna Langholz, called as a witness for respondent, testified: She is a teaching dietician in the School of Nursing and Chairman of the Student Financial Assistance Program and has been with Hillcrest Hospital for ten years and the School of Nursing for three and one-half years. Student nurses are charged $40.00 per month for board and room. They are paid nothing as employees for assisting on the hospital floors. "Many years ago" students were used to cover hospital floors but such has not been the practice in nursing education for some time. Student nurses are on the floor for the purpose of planned nursing experience, like a laboratory. When on the floor student nurses are under the supervision of a clinical instructor who plans the work on the floor on the basis of what the students need to learn. Student nurses are not used as employees to cover hospital floors and are paid no wages. The Nursing School is not operated as a charity but Hillcrest Medical Center is professionally minded and realizes that somebody has to educate nurses in order to staff hospitals and provide more Registered Nurses for the community. It is one of Hillcrest's functions the same as other hospitals to provide education for nurses. Regular hospital employees are paid wages and withholding tax deducted but student nurses are not paid wages, are not considered employees and no deductions set aside as withholding taxes.

The question presented here is new in Oklahoma and decisions of other states are in conflict.

Counsel for the claimant cite and rely principally on Heget v. Christ Hospital, 26 N.J.Misc. 189, 58 A.2d 615, and Galligan v. St. Vincent's Hospital of N. Y., 28 A.D.2d 592, 279 N.Y.Supp. 886. In each of these cases cited the claimant was a student nurse. She sustained injuries while assisting with care and treatment of patients in the hospital of the respondent. In each case the undisputed evidence established that the hospital furnished the student nurse with board and room and uniforms for services performed in connection with the care and treatment of patients in the hospital. In each case the court applied the apprentice doctrine and held the relationship between the nurse and the hospital to be that of employee and employer. Compensation awards were affirmed in each case. Each of the cases are distinguishable from the present case on the factual situation presented. In the present case the question of furnishing board and room for services performed in the hospital is contested. The evidence supporting the contention of the claimant is meagre and we believe insufficient to sustain claimant's contention. Second, the undisputed evidence establishes that claimant was not engaged in activities connected with operation of the hospital at the time she sustained injuries. These two propositions will be discussed later.

Respondent cites the case of Stiles v. Des Moines Council Boy Scouts of America, 209 Iowa 1235, 229 N.W. 841, wherein an advanced boy scout was relieved of the payment of expenses connected with attending a boy scout camp including board and room in consideration of his assistance in helping with the supervision of camp activities. He sustained injuries by being kicked by a horse in the charge of another boy scout. His claim for compensation was denied, the court saying:

"* * * The fact that he was to be relieved from expense while attending the camp did not, of itself, constitute remuneration for his services nor make him a workman or employee within the terms of the Workmen's Compensation Act. He had the choice of refusing to attend the camp or of leaving it whenev-

er he desired. The fact that his injury was caused by a horse which was to be used in the activities made no difference. It would be a mere stretch of imagination to conceive the appellee as a 'workman' or employee within the scope of the 'Workmen's Compensation Act' at the time of his injury."

Respondent also cites Todd School for Boys v. Industrial Commission, 412 Ill. 453, 107 N.E.2d 745, wherein the Illinois Court held the waiver of a portion of the tuition to be paid by a student in consideration for his performance of certain tasks for the school did not establish the relationship of employer and employee between the school and the student entitling the student to recover Workmen's Compensation for injuries sustained while performing one of these tasks.

These two cases are not squarely in point but are highly persuasive in support of the proposition that under the facts of this case claimant was not an employee of the respondent at the time she was injured.

We have carefully reviewed the evidence shown in the record. There is no evidence that a contract of employment was consummated between the claimant and the hospital. The only contract entered into between the parties was one whereby the claimant became a student in the School of Nursing operated by the respondent. As a portion of this contract the claimant agreed to pay her board and room amounting to $40.00 per month. It is not logical that respondent would have arranged for the payment of board and room on a piecemeal basis the claimant paying a portion by signing a note and the remaining portion by working in the hospital.

The fact that the furnishing of board and room cost more than $40.00 per month creates no presumption that the remaining portion was to be paid by work in the hospital. In its desire to furnish training for the development of registered nurses the respondent would quite likely make every effort to reduce the cost of board and room to a minimum even to the extent of losing money. There is little conflict between the testimony of claimant and Mrs. Langholz concerning the activities of student nurses while performing services in the hospital. Mrs. Langholz testified that these visits to the hospital were all a part of their training and that student nurses were not employees of the hospital. Her testimony appears to be more logically true.

Award vacated.

JACKSON, C. J., IRWIN, V. C. J. and WILLIAMS, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in result.

BERRY, J., dissents.