Dear President Banowsky,
The Attorney General has received your request for an opinion with respect to the application of the Worker's Compensation Act, 85 O.S. 1, et seq. (1977) (hereafter "the Act"), to employees of the University of Oklahoma. In summary, your request requires the treatment of three (3) questions:
1. Does the Act require coverage for all University employeesregardless of location within or without the State of Oklahoma?
 2. Does the Act require that insurance coverage be placed with theState Insurance Fund?
 3. Does the Act require coverage for "volunteer" workers of theUniversity?
Your letter requesting the opinion reflects your awareness that the Worker's Compensation Statutes were drastically amended by Oklahoma's Thirty-sixth Legislature. Effective July 1, 1978, certain State employees were required to be covered without regard to the hazardousness of their employment. 85 O.S. 26 applies:
 A. All departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, shall carry Workers' Compensation Insurance on each employee, whether engaged in a governmental or a proprietary function, as of July 1, 1978.
An "employee" is defined, in 85 O.S. 3, as "any person who is employed" by the State institution.
Such employees are covered under the Act notwithstanding their absence from the State provided as follows in 85 O.S. 4:
. . . All of the provisions of the . . . Act . . . shall apply to employers and to employees, irrespective of where accident resulting in injury may occur, whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of this State under the direction of such employer. * * *
Additionally, 85 O.S. 4 extends the territorial limits of the State for compensation purposes to all lands and premises owned or held by the federal government but located within the State. The extension of coverage of the Act to all but a few classifications of employment, e.g., see 85 O.S. 2.1, manifests a clear legislative purpose that the statutory benefits of workers' compensation be afforded all injured employees. Accordingly, the answer to your first question must be in the affirmative.
With respect to the acquisition of such insurance coverage, the statutes are equally clear. 85 O.S. 2b, which requires that the University carry compensation insurance on all employees, also categorically states: "Such insurance shall be carried with the State Insurance Fund, and shall be paid out of the funds" of the University.
The State Insurance Fund (hereafter "the Fund"), created in 1933 by 85 O.S. 131 — 85 O.S. 151, is a legislatively created insurer for the purpose of insuring employers against liability for compensation under the Act. While the Fund may decline risks which do not observe minimum requirements of the law with respect to construction, equipment or operation, the Fund must nonetheless insure "any compensation risk" which tenders the premiums for such coverage.
Your third question raises the issue whether "volunteer" workers for the University are covered under the Act. Your letter indicates that, from time-to-time, persons close to the University furnish services on a strictly voluntary basis.
Volunteer or uncompensated workers rendering services as fire-fighters, peace officers or civil defense workers are "employees" within the Act. 85 O.S. 3(4) and 85 O.S. 3(5). The Act makes no express provision for coverage of any other volunteers or uncompensated workers.
Whether a "volunteer" is an "employee" for purposes of worker's compensation is generally regarded as a question of fact. Before one may claim the benefits of the Act, one must be held to strict proof that he is in the class embraced by the law. Hillcrest Hospital v. State Industrial Court 452 P.2d 781 (Okla. 1969), syllabus 3. It is settled law that a "master-servant" relationship must exist before the benefits of the Act apply and whether the relationship exists is a matter of evidence. Hillcrest Hospital, supra.
Voluntary services, offered in the nature of a beneficence, are made without consideration beyond the volunteer's unilateral assumption of a civic obligation and, in the opinion of the Attorney General, are not sufficient to create the requisite master-servant relationship. Clark v. First Baptist Church, 570 P.2d 327 (Okla. 1977)
It is, therefore, the opinion of the Attorney General that (1) allemployees of the University of Oklahoma, whether located within orwithout the State or engaged in governmental or proprietary functions,are required to be covered under Workers' Compensation Insurancepurchased by the University, provided that the contract of theiremployment was entered into within the State; (2) the University ofOklahoma is required to purchase such insurance coverage from the StateInsurance Fund; and (3) volunteer workers whose services are offered toand received by the University without any consideration beyond thevolunteer's unilateral assumption of a civic obligation are not coveredunder the Workers' Compensation Act unless the services so rendered arespecifically enumerated within the provisions of the Act.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MANVILLE T. BUFORD, ASSISTANT ATTORNEY GENERAL
CHIEF, CIVIL DIVISION