Dear Mr. Hall,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Are unpaid, volunteer graduate assistant interns utilized by the Human Rights Commission with regard to investigating and processing discrimination complaints, and who sustain personal injuries while performing such volunteer functions, covered under the provisions of the Workers' Compensation Act, 85 O.S. 1 (1981) et seq.?
 2. Do such volunteers themselves enjoy the same degree of immunity from tortious suits as full-time compensated employees of the Commission under the Governmental Tort Claims Act, 51 O.S. 151 (1985) et seq.?
The Oklahoma Human Rights Commission was established by the Oklahoma Legislature in 1963 with the express purpose of working toward "removing frictions, eliminating discrimination, and promoting unity and understanding among all the people of Oklahoma." See, Okla. Sess. Laws 1963, c. 322, 3; 74 O.S. 953 (1981). In performing these important functions, the Commission is given the statutory duty to investigate complaints of unlawful discrimination. 74 O.S. 953(e) (1981).
 I.
You state in your letter of inquiry that the Commission makes frequent use of graduate assistant interns who receive no monetary compensation, but, rather, who act as volunteers in assisting the Commission in investigating and processing such complaints. Whether these unpaid volunteers act in such a matter as to trigger, in case of job-related injury, the provisions of the Workers' Compensation Act into play is a factual determination that can only be resolved on a case-by-case basis.
The Oklahoma Supreme Court has announced on many occasions that a prime requisite for coverage under the Act is the existence of a master and servant relationship. See, Clark v. First Baptist Church, 570 P.2d 327,328 (Okla. 1977). The required factors sufficient to create such a relationship are many, and include commencement and duration of the agreement, right to hire and discharge, and the existence of an agreement as to payment. Id. However, the decisive test for determination of whether an employer and employee relationship exists is not the existence of a payment agreement in advance, but rather, whether the alleged employer retains a right of control and superintendence of the work performed. Clark, supra; Parten v. State Industrial Court, 496 P.2d 114
(Okla. 1972); Mahl v. McMahan, 325 P.2d 78 (Okla. 1958).
This same test was used in Attorney General Opinion No. 80-263, in responding to a similar question about volunteers posed by the Tourism and Recreation Department. The concerns raised therein are applicable to your initial inquiry, and the response to your question the same — each case must be resolved on its own merits. Where, however, a master and servant relationship is found to exist, the coverage of the Workers' Compensation Act is brought into play. See, Clark, supra; HillcrestHospital v. State Industrial Court, 452 P.2d 781 (Okla. 1969).
 II.
Your second inquiry asks if such volunteers, themselves, enjoy the same degree of immunity from tortious suit as do full-time compensated employees of the Commission. The new Governmental Tort Claims Act, 51O.S. 151 (1985) et seq., specifically readopts the doctrine of sovereign immunity for the State and all of its "employees" acting within the scope of their employment. 51 O.S. 152.1(A) (1985). The limited waiver of such immunity set forth in Section 51 O.S. 152.1(B), only addresses the State and its political subdivisions. No waiver from immunity is provided as to employees of the State acting within the scope of their employment. In this vein, the term "employee" is defined thusly, in pertinent part:
 "5. `Employee' means any person who is authorized to act in behalf of a political subdivision or the state whether that person is acting on a permanent or temporary basis, with or without being compensated or on a full-time or part-time basis. Employee also includes all elected or appointed officers, members of governing bodies and other persons designated to act for an agency or political subdivision, but the term does not mean a person or other legal entity while acting in the capacity of an independent contractor or an employee of an independent contractor." 51 O.S. 152(5) (1985) (Emphasis added).
This definitional approach clearly encompasses volunteers acting on behalf of state agencies, so long as they are acting within their "scope of employment," as further defined in 51 O.S. 152(9) (1985).
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Whether unpaid, volunteer graduate assistant interns utilized by the Human Rights Commission with regard to investigating and processing discrimination complaints, and who sustain personal injuries while performing such volunteer functions, are covered under the provisions of the Workers' Compensation Act, 85 O.S. 1 (1981) et seq., is a question of fact dependent upon the unique circumstances involved in any case. The decisive test for such a determination is whether the Commission retains a right of control and superintendence of the work performed by the volunteer.
 2. An unpaid volunteer intern of the Commission, so long as that person is acting within the "scope of employment" of the individual, as set forth in 51 O.S. 152(9) (1985), enjoys the same degree of immunity from tortious suit as full-time, compensated employees of the Commission.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, TORT DEFENSE DIVISION