TULSA COUNTY, Own Risk,
Petitioners,

v.

Elnora F. BRASWELL and Workers'
Compensation Court, Respondents.

No. 67073.

Supreme Court of Oklahoma.

Dec. 6, 1988.

Tulsa County Dist. Atty. by Dick A. Blakeley, Tulsa, for petitioners.

Frasier & Frasier by Wilson Jones and Bryce Hill, Tulsa, for respondent Elnora F. Braswell.

Robert H. Henry, Atty. Gen. by Thomas L. Spencer and Cathy Clinton Dabney, Oklahoma City, as amicus curiae for respondent Braswell.

HODGES, Justice.

Elnora Braswell (respondent) was working as an election inspector at a Tulsa County polling place when she fell and broke her hip while delivering a signature printout and ballot to a handicapped worker in a car. On Form 3 the respondent listed Tulsa County (the County) as her employer. The County denied ever having been respondent's employer. Respondent then amended her Form 3 and named the State Election Board as her employer as a

precautionary measure in the event of an adverse ruling on the claim against the County.

The trial court found respondent to be an employee of the County who had sustained an injury in the course of her employment. The respondent was awarded temporary total disability and 30% permanent partial disability and the County was ordered to pay all reasonable and necessary medical expenses incurred by the respondent as a result of the injury as well as job compensation for 150 weeks at $8.47 per week (a total amount of $1,270.50 in compensation.) The en banc court affirmed the trial court order but on appeal by the County, the Court of Appeals vadated holding that the respondent was an employee of the State. The respondent sought certiorari which we previously granted and the State of Oklahoma and the Oklahoma State Election Board were granted leave to file an amicus curiae brief in support of the respondent.

## I.

██ The primary issue brought before us is whether an employee appointed by a county election board is an employee of the county or the state for the purpose of determining responsibility for payment of Workers' Compensation benefits. In order to make this determination it is necessary to, first of all, review any employee-employer relationships involved in this fact situation. Although several factors may be considered in determining whether an employee-employer relationship exists between two parties the most crucial factor is whether the employer was in possession of the right to control and supervise the employee's work. *Clark v. First Baptist Church*, 570 P.2d 327 (Okla.1977). Our determination must be based upon a review, not only of the weight of the evidence but also a review of the actual record and conflicting evidence to allow us to conclusively state that the facts presented to the trial court established this relationship as a matter of law. *Loggins v. Wetumka General Hospital*, 587 P.2d 455 (Okla.1978).

No party is questioning that the respondent was an employee with specific duties assigned to her; rather the identity of the employer is in question. The Tulsa County Election Board appointed respondent to the position of inspector and the Board retained the authority to remove her from this position. 26 O.S.1981 § 2–125; 22 O.S. 1981 § 1181 et seq. The amount of compensation paid to the respondent is clearly dictated by the legislature. 26 O.S.1981 § 2–129. An inspector's duties and the duties of a precinct election board are also set forth in the statutes. 26 O.S.1981 §§ 2–126 and 2–127. The arguments on appeal are that (1) since the direct supervisor of the respondent is the Secretary of the County Election Board who is appointed by the State Election Board; (2) since the State Election Board retains authority to remove the Secretary of the County Election Board at any time; and (3) since all other aspects of the respondent's position as inspector are derived from statute, then the employer, by definition, is the State of Oklahoma. We find this position to be fatally flawed.

The legislative design of our election process is twofold—the creation of a State Election Board and seventy-seven (77) County Election Boards. 26 O.S.1981 §§ 2–101 and 2–110. While the Secretary of the County Election Board is appointed by the State Election Board, all other county election officials are employed by the local County Election Board. The State Election Board has no control over these employees. The County Election Boards are separate entities.

The legislature has even mandated the counties to annually appropriate adequate funds for the operation of the County Election Boards in the discharge of their duties and responsibilities. 26 O.S.1981 § 2–119. The counties are further mandated to provide at county expense, suitable office space and provisions for furnishings, fixtures and equipment for the operation of the County Election Boards. 26 O.S.1981 § 2–121.

The intent of the legislature when it passed the Election Code set forth in Article 26 of the Oklahoma statutes was to promote an efficient, uniform and fair elec-

tion process. The purpose of the statutes contained in this Article is clearly to protect the integrity of that election process. Thus, while it may appear that positions created under these statutes are closely regulated by the state that regulation is to insure that any elections held will be insulated from all outside influences whether at the county level or another level. For purposes other than insuring that the integrity of the elections remain intact the various county election boards are truly arms of the county governmental system and employees of those county election boards are county employees. This agrees with our position in *State ex rel. Blankenship v. Atoka County,* 456 P.2d 537 (Okla.1969) wherein we held that payment of the district attorneys' salaries by their respective counties did not offend Art. 10, Section 9 of the Oklahoma Constitution as these employees were performing the functions of the previously designated county attorneys. Since *Blankenship* the legislature has classified district attorneys and all of their staff as State employees for all purposes. 19 O.S.Supp.1982 § 215.30. The theory of *Blankenship* still holds true, however, for this respondent in that her primary purpose is to serve the citizens of Tulsa county and the beneficiary of her work is the county, not the state.

During the trial the personnel director for the County testified that the full time employees of the Tulsa County Election Board are covered by the County group health insurance program and are participants in the County retirement system as well as the County policies on annual and sick leave accrual. Deposition testimony of this witness emphasized the fact that "only regular full time employees" are recognized as members of the group plans. The respondent here was not a full time employee of the County Election Board and was, therefore, not covered by the benefits available to full time employees. There is no evidence anywhere in the record that the reason the respondent did not participate in these programs is because she is considered to be a State employee. Rather, her status as a part-time employee precluded her from receiving benefits under the County programs. It follows that if respondent had been a full-time employee she would have been eligible for these benefits from the County and would have been, for all intents and purposes, treated the same as all other County employees.

It was also brought out at trial the County personnel department has performed pre-employment testing and recruitment for the Secretary when various positions under his direction needed to be filled. This screening of candidates for the Secretary is clearly a method of controlling the group of persons from which the Secretary makes a final selection. As this is a primary function of the County personnel department in filling other county positions we find no difference in the way that the precinct election board employees are treated whether part-time or full-time.

Finally, it must be noted that the County funds the normal operations and expenditures of the Tulsa County Election Board from the County General Fund. It is undisputed that the respondent had always been paid by check from the County for her services. Under 26 O.S.1981 § 2–129 the State Election Board is responsible for compensation of precinct election board inspectors, judges, clerks and counters in "all regular Primary, Runoff Primary and General Elections, all statewide special elections and all special elections for United States Representatives or United States Senators and State Senators or State Representatives." However, 26 O.S.1981 § 3–105 places the responsibility for paying the costs of all county elections at the county's doorstep. Further, the costs of all municipal and school district elections are the responsibility of the municipality or school district for which the election is held. 26 O.S.1981 § 13–111; 70 O.S.1981 § 2–101. This division of cost-bearing is how the legislature intended it. However, the legislature never intended that precinct election board employees be considered to be state employees for the purpose of payment of Workers' Compensation benefits.

■ The state retains control of the election process to insure its integrity. The county and precinct election boards are mandated by statute to serve their respective counties by allowing voters in those

counties to make their voice heard under the election process. These counties then are the direct beneficiaries of the election board's work and, thus, they are the employers of those election board employees.

## II.

The other issue raised on appeal deals with the weekly compensation rate awarded by the trial court. It appears from the transcript that the trial court chose to calculate the compensation based upon respondent working eight elections per year. At $54.64 per election the yearly wages would be $437.12 or $8.41 per week. It would appear that the $8.47 per week figure entered by the court is erroneous and that $8.41 per week is the proper amount to which respondent is entitled as supported by the evidence. As we have found the respondent to be a county employee, the County is the party entirely responsible for payment of these benefits. 85 O.S.1981 § 11.

The opinion of the Court of Appeals is vacated and the judgment of the trial court is sustained in part and vacated in part.

HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

DOOLIN, C.J., dissents.

KAUGER, J., not participating.