**MURRAY STATE COLLEGE, Delta Community Action, and State Insurance Fund, Petitioners,**

v.

**Geneva Elmore AKINS, and the Workers' Compensation Court, Respondents.**

**No. 72782.**

Court of Appeals of Oklahoma, Division No. 3.

June 19, 1990.

Robert Highsaw and Gary Bova, State Ins. Fund, Oklahoma City, for petitioners.

Richard A. Bell, Norman, for respondents.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Geneva Elmore Akins (Claimant) filed her Form 3 with the Workers' Compensation Court listing her employer as "Foster Grandparent Program—Murray State College." She alleged that on December 1, 1986, she hurt her back while sitting in a straight chair holding a child in a body cast.

State Insurance Fund filed an answer with the Workers' Compensation Court on behalf of Delta Community Action and Murray State College (Respondents). That answer denied that Claimant was an employee on the date of her alleged injury and denied that she was covered under any workers' compensation policy issued by State Insurance Fund for its insureds. The answer also denied that Claimant received an accidental injury arising out of and in the course of any employment she might have had at the time with her alleged employer.

Subsequently, State Insurance Fund filed an amendment to its answer on behalf of both employers, again alleging that Claimant was not an employee on the date of her alleged injury and that Claimant was not covered under the Workers' Compensation Act (Act). The amendment alleged Claimant had not been paid wages such as would bring her work as a Foster Grandparent within coverage of the Workers' Compensation Act. It further alleged that federal law preempted any state law which might indicate Claimant, as a Foster Grandparent, would be covered under the Act. State Insurance Fund was the compensation carrier for both Respondents at the time of Claimant's injury.

The trial court found in its order that Claimant had sustained a 9% permanent partial disability to the body as a whole due to injury to Claimant's back. It also found Claimant was employed by Murray State College and that such employment was subject to and covered by provisions of the Act. Further, the trial court found Claimant sustained an accidental personal injury to her back arising out of and in the course of her employment and that she was an employee of Delta Community Action, but that she was a loaned servant from Delta to Murray State College under the direct supervision and control of Murray State College. Thus, it found Murray State College and its workers' compensation carrier, State Insurance Fund, liable to Claimant for workers' compensation benefits. Murray State College (Murray) Delta Community Action (Delta), and State Insurance Fund appeal this ruling to the court en banc. The three judge panel affirmed the trial court's order. All three Respondents appeal this latter ruling.

On appeal, Respondents argue the order of the Workers' Compensation Court finding Claimant to be an employee of Delta violates Article VI, Clause 2 of the

United States Constitution.[1] This appeal deals with the Foster Grandparent Program, a federal social services program authorized under the Domestic Volunteer Service Act. It is implemented nationally by Action, a federal agency which makes grants to "sponsor" organizations, such as Delta, to run the program at the local level. These "sponsors" must run their programs in strict compliance with federal law as set out in 42 U.S.C. §§ 5011 *et seq.*

The threshold issue is whether a Foster Grandparent can be classified as an employee entitled to receive benefits under the Act. Although Foster Grandparents are paid a "stipend" and are provided with other non-wage benefits, federal law specifically excludes these payments from being treated as "wages" for the purposes of state workers' compensation. The federal law also states that Foster Grandparents are no longer considered to be in the work force and are expected to perform tasks not performed by regular employees. They are characterized as "volunteers," not employees."

In the instant case, Claimant was paid a stipend of $2.20 per hour, provided with a meal on the job, reimbursed mileage going to and from work, given a medical examination and provided with accident and liability insurance.

Federal law, which excludes Foster Grandparents from coverage under workers' compensation programs,[2] preempts any state law to the contrary.

Whenever the constitutional power of the federal government and those of the state come into conflict, the latter must yield. *State of Oklahoma v. Guy F. Atkinson Company*, 313 U.S. 508, 61 S.Ct. 1050, 85 L.Ed. 1487 (1941). That Congress intended

federal law to preempt coverage for Foster Grandparents under state workers' compensation laws can be seen upon a brief perusal of the legislative history of the 1984 amendment to § 5058. In discussing this amendment, which added the specific words "workers' compensation" to § 5058, the Committee on Education and Labor stated:

> Section 118 of the Bill (HR–2655) amends Section 418 (Section 5058) of the Act in regard to the application of state workers' compensation programs to older American volunteer program participants. The Amendment clarifies the intent of congress that the stipend received by participants in the older American volunteer programs is not compensation for the purpose of state workers' compensation programs. (House of Representatives, the Committee on Education and Labor, Report No. 98–161, in HR–2655, p. 14.)

Instead of state workers' compensation coverage, Foster Grandparents are to be protected by private carrier insurance, which provides coverage from portal-to-portal, as well as during the performance of volunteer duties. This issue was addressed by the Committee on Education and Labor as follows:

> During committee consideration of this amendment, the agency assured the committee that adequate private carrier insurance policies are in place to protect the volunteers currently covered under state programs. The committee approved the amendment to section 418 [Section 5058] with the understanding that this private carrier coverage would be kept in place for all volunteers. (Con-

---

**1.** This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

**2.** 42 U.S.C. § 5058 (1984) provides:
Notwithstanding any other provision of law, no payment for supportive services or reimburse-

ment of out-of-pocket expenses made to persons serving pursuant to title II of this Act [42 USCS §§ 5001 et seq.;] shall be subject to any tax or charge or be treated as wages or compensation for the purposes of unemployment, temporary disability, retirement, public assistance, *workers' compensation,* or similar benefit payments, or minimum wage laws. This section shall become effective with respect to all payments made after the effective date of this Act [enacted Oct. 1, 1973]. (Emphasis added.)

ference report, report number 98–679, to accompany S. 1129, p. 26).

Accordingly, Action requires all "sponsors," to obtain accident insurance for Foster Grandparents with coverage while on assignment and while traveling to and from volunteer sites. In fact, it is undisputed herein that Claimant's medical bills for her injury were paid by that insurance.

To allow Claimant to receive workers' compensation benefits would conflict with the objective of Congress of preventing stipends and other non-wage reimbursements or benefits from being considered wages or compensation for the purpose of establishing coverage under state workers' compensation laws.

A contract for hire is an essential element to the creation of an employer-employee relationship. The contract must be to labor for agreed wages. *Beall v. Altus Public School District*, 632 P.2d 400 (Okla. 1981). "Since a contract for hire is an essential element to the creation of an employer-employee relationship, it follows that in the absence of such contract, the Workers' Compensation Act is not applicable. Although the Workers' Compensation Act is construed liberally in favor of those entitled to its benefits, a claimant must be held to strict proof that he is in a class embraced with the provisions of the Act." *Kelley v. Risenhoover*, 470 P.2d 334 (Okla. 1970). Thus, a crucial element of the employer-employee relationship is missing in the instant case. Whether such a relationship exists under Oklahoma compensation law is jurisdictional, and this Court will not consider the findings of the Workers' Compensation Court as conclusive, but will weigh the evidence to determine the sufficiency of the facts to establish employment. *Hillcrest Hospital v. State Industrial Court*, 452 P.2d 781 (Okla.1969). Claimant has not established an employer-employee relationship between her and Delta.

In her answer brief, Claimant alleges that the preemption issue is irrelevant to the appeal. She claims there is competent evidence to support the finding she was a loaned servant to Murray. In *City Diesel Service v. Collier*, 630 P.2d 1293 (Okla. 1981) the Supreme Court held whether a person is a loaned servant in a particular case is a question of fact to be determined by the Workers' Compensation Court. If such findings are reasonably supported by competent evidence, they will not be disturbed on appeal. Yet in *Collier*, the controversy was over *whose* employee the claimant was at the time he was injured. Herein, the controversy is over whether Claimant was *anyone's* employee. Before we can reach the issue of determining whether Claimant is a loaned servant, we first must determine she was an employee of Delta. Having thus determined she was not an employee of Delta for the purpose of workers' compensation coverage she could not possibly be a loaned servant to Murray.

Next, Claimant's motion to dismiss Delta, contained in her response to the petition for review, is denied.

Finally, Claimant's request for costs and attorney fees on appeal is denied.

Order REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

BAILEY and ADAMS, JJ., concur.