**DATA MONITOR SYSTEMS, INC., and The State Insurance Fund, Petitioners,**

v.

**Sherrie OWENS, and The Workers' Compensation Court, Respondents.**

**No. 84608.**

Court of Appeals of Oklahoma, Division 1.

Aug. 22, 1995.

Robert Highsaw, State Insurance Fund, Oklahoma City, for Petitioner.

Raymond A. Vincent, Pool, Thompson, Blankenship, Vincent & Love, Del City, for Respondent.

### MEMORANDUM OPINION

GARRETT, Chief Judge:

The only issue in this proceeding is whether the three judge panel correctly determined Claimant's weekly compensation rate at $30.00. Her Counter–Petition for Review, filed December 5, 1994, has been dismissed by the court.

Respondent, Sherrie Owens (Claimant), filed her Form 3 in the Workers' Compensation Court on February 28, 1994, alleging she sustained an accidental injury arising out of and in the course of her employment with Petitioner, Data Monitor Systems, Inc. (Employer). She alleged she sustained an injury on February 10, 1994, to her left leg while sliding down an aircraft evacuation device.

Claimant testified she was hired by Employer to be a subject for evacuation testing at the FAA. She was told she would receive $10.00 per hour and would work a minimum of four hours per day worked. Her employment would be on an irregular, as needed, basis, and she could work when Employer was performing those tests. She said she was to call first to determine whether she would be needed. She worked 4½ hours the first day, which was the day of her injury. She testified she was paid a total of $45.00 for the day she worked plus $40.00 for the next day even though she did not work the second day because of her injury. Her total gross pay was $85.00.

In calculating Claimant's weekly rate of compensation, the trial court made findings that she did not qualify under subsections 1, 2 or 3 of 85 O.S.Supp.1992 § 21. The trial court ruled:

THAT claimant's compensation rate for both temporary total disability and permanent partial disability falls under Section 21, subsection 4 and the only earnings established are a total of $85.00 including the state (sic) of accidental injury and the following day. Any further employment of claimant by respondent is based on speculation. Therefore, the only earnings established by claimant is $85.00 resulting in an average weekly wage of $1.63.

On August 3, 1994, the trial court entered its order, awarding Claimant compensation for temporary total disability from February 11, 1994, and continuing, at the rate of $1.63 per week, not to exceed 150 weeks. Determination of permanent disability sustained, if any, was reserved for future hearing.

Claimant filed a Request for Review in the Workers' Compensation Court. On October 26, 1994, a three judge panel of the Court *En Banc* entered its order and found parts of the trial court's order were contrary to law and against the clear weight of the evidence. The panel modified and affirmed the order, as follows:

VACATE PARAGRAPHS 4, 5, 6, 7, 8 AND 13 AND ENTER THE FOLLOWING IN LIEU THEREOF AND ALLOW FOR THE RE-NUMBERING OF THE REMAINING PARAGRAPHS IN CONSECUTIVE ORDER:

**1.** 85 O.S.Supp.1992 § 21 provides:

Except as otherwise provided in this act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

1. If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of two hundred sixty times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

2. If the injured employee shall not have worked in such employment during substantially

–4.–

THAT at the time of said injury, claimant's wages were sufficient to establish the rates of compensation at $30.00 per week for temporary total disability and $30.00 per week for permanent partial disability.

–5.–

THAT as a result of said injury, claimant has been temporarily totally disabled from FEBRUARY 11, 1994 and is still temporarily totally disabled and in need of further medical treatment, care, and attention, and is entitled to compensation for such disability. Compensation has been paid from FEBRUARY 11, 1994 to AUGUST 3, 1994 at the rate of $30.00 per week. Respondent is to receive credit for the portion of compensation paid after AUGUST 3, 1994. Compensation is due from the date of the last payment and continue at the rate of $30.00 per week, not to exceed 150 weeks.

Employer filed this review proceeding on November 15, 1994, and contends the court *en banc* erred in changing the rate of compensation from $1.63 per week to $30.00 per week. Employer contends that in its October 26, 1994 order, the three judge panel must have reasoned it had an obligation to set a minimum rate of $30.00 under 85 O.S.Supp.1993 § 22(6). Employer argues that instead, sub-sections 1, 2 & 3 of section 21 must be read in conjunction with § 22(6).

Average annual and weekly earnings, or earning capacity, are determined under 85 O.S.Supp.1992 § 21.[1] The actual amount of the whole of such year, his average annual earnings shall consist of two hundred sixty times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent

compensation is determined under 85 O.S.Supp.1993 § 22.[2] First, the amount of average and weekly earnings, or earning capacity, must be determined by application of the appropriate sub-section of § 21, then it is necessary to apply the appropriate sub-section of § 22 [sub-section 1, 2 or 3], to determine the weekly rate of compensation. That weekly rate must be tested by § 22(6),[3] to determine whether the weekly rate exceeds the maximum or is less than the minimum allowed.

 The trial court's calculation of $1.63 per week was based on [annual] earnings of $85.00, the total amount employer paid Claimant, multiplied by ½₂. This was error. We agree with the trial court that 85 O.S.Supp.1992 §§ 21(1) and (2) are not applicable to this case. However, we disagree with the trial court that sub-section 3 of § 21 does not apply. Incidentally, § 21(4) applies in all cases.

> the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.
> 4. The average weekly wages of an employee shall be one fifty-second (½₂) part of his average annual earnings.
>
> **2.** § 22. Schedule of compensation
> The following schedule of compensation is hereby established:
> 1. Permanent Total Disability. In case of total disability adjudged to be permanent, seventy percent (70%) of the employee's average weekly wages shall be paid to the employee during the continuance of such total disability.
> 2. Temporary Total Disability. In cases of temporary total disability, seventy percent (70%) of the employee's average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of one hundred fifty (150) weeks, except as otherwise provided in the Workers' Compensation Act.... Upon a finding that benefits should be extended beyond the initial one-hundred-fifty week period, compensation may be continued for an additional one hundred fifty (150) weeks.
> 3. Permanent Partial Disability. (a) With respect to injuries occurring prior to the effective date of this act, in case of disability, partial in character but permanent in quality, the compensation shall be seventy percent (70%) of the employee's average weekly wages, and shall be paid to the employee for the period named in the schedule, as follows.... (Footnotes omitted).

> ⋅ ⋅ ⋅ ⋅ ⋅

> **3.** 85 O.S.Supp.1993 § 22(6) provides, in pertinent part:

Citing its opinion in *Skelly Oil Co. v. Ellis,* 176 Okl. 569, 56 P.2d 891, 894–896 (1936), the Supreme Court held in *Safeway Stores v. Mauk,* 275 P.2d 987, 990 (Okl.1954):

> that the rate of compensation of an injured employee who has worked at intervals aggregating less than 'substantially the whole' of the year previous to his injury, should be based, not upon his 'average annual earnings', as specified in paragraphs 1 and 2, section 21, supra, *but upon his 'annual earning capacity' as specified in paragraph 3 of said section.* ... (Emphasis added).

⋅ ⋅ ⋅ ⋅ ⋅

[T]he question of which of the first three numbered paragraphs of section 21, supra, applies cannot always be entirely a question of fact. Usually it is a mixed question of law and fact. In other words, the determination of whether or not a given claimant has 'worked in the employment in

> 6. Limitation. The compensation payments under the provisions of the Workers' Compensation Act shall not exceed the sum of seventy-five percent (75%) of the state's average weekly wage as determined by the Oklahoma Employment Security Commission for temporary disability; Sixty Dollars ($60.00) per week beginning as of the effective date of the Workers' Compensation Act, and Seventy Dollars ($70.00) per week beginning January 1, 1979, and Eighty Dollars ($80.00) per week beginning January 1, 1980, and Ninety Dollars ($90.00) per week beginning January 1, 1981, and to fifty percent (50%) of the state's average weekly wage beginning January 1, 1982, for permanent partial disability; Seventy-five Dollars ($75.00) per week beginning as of the effective date of the Workers' Compensation Act, and Ninety Dollars ($90.00) per week beginning January 1, 1979, and One Hundred Ten Dollars ($110.00) per week beginning January 1, 1980, to sixty-six and two-thirds percent (66⅔%) of the state's average weekly wage beginning September 1, 1992, for permanent total disability, or at any time be less than Thirty Dollars ($30.00) per week; provided, however, that if the employee's wages at the time of the injury are less than Thirty Dollars ($30.00) per week, he shall receive his full weekly wages; provided further, that the compensation received, as provided under paragraph 4 of this section, shall not, when added to the wages received by such employee after such injury, amount to a greater sum than eighty percent (80%) of his average weekly wages received prior to said injury.

⋅ ⋅ ⋅ ⋅ ⋅

which he was working at the time of the accident * * * during substantially the whole of the year immediately preceding his injury * * *' is a question of fact. But, after this question has been determined, the question of which of the first two numbered paragraphs or subsections of section 21, supra, applies is solely a question of law. Likewise, where it is undisputed that the claimant has worked throughout that year, but his total working time does not amount to 'substantially the whole of the year', then it is merely a question of law, or legal interpretation, as to which of the three paragraphs should be applied. . . .

In *Winrock Farms v. Eldred*, 446 P.2d 265 (Okl.1968), the Supreme Court cited *Safeway Stores v. Mauk*, supra, reaffirming its holding that 85 O.S. [Now, Supp.1992] § 21(3) must be used when employment is part-time or seasonal. The Court ruled § 21(3) is the appropriate sub-section of section 21 to arrive at "annual earning capacity", to "be fair to both employer, his insurance carrier, and such an employee or claimant." On remand, the court must determine annual and weekly earning capacity in accordance with the requirements of § 21(3) and § 21(4).

█ Additionally, the Court *En Banc*'s modification of Claimant's average weekly wage to $30.00, apparently was based on its opinion that § 22(6) required a minimum award of $30.00 per week. That was error. At no time did either court determine the amount of Claimant's "annual earning capacity", pursuant to 85 O.S.Supp.1992 § 21(3), or determine how such earning capacity is used to determine her "weekly earning capacity".

The order of the Court *En Banc* must be vacated.

█ The evidence in the instant case supports a finding of part-time employment. See also *Tulsa County v. Braswell*, 766 P.2d 341 (Okl.1988). As a matter of law, 85 O.S.Supp.1992 § 21(3) must be used in the instant case to determine the "annual earning capacity". The "weekly earning capacity", *applicable to part-time employees*, is determined by applying 85 O.S.Supp.1992 § 21(4) to the "annual earning capacity". Next, it is necessary to determine if that weekly rate comports with § 22(6). It is important to note § 22(6) provides that compensation payments shall not at any time be less than $30.00 per week *unless* the Claimant's weekly wages are less than $30.00. If the weekly wages or weekly earning capacity is less than $30.00, then the minimum is the actual amount of those weekly wages.

The order of the three judge panel, awarding compensation in the amount of $30.00 per week, is vacated. This case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.

CARL B. JONES, P.J., and JOPLIN, J., concur.